## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CYPRESS ENVIRONMENTAL PARTNERS, L.P., *et al.*,[1] | ) | Case No. 22-90039 (MI) |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) | (Emergency Hearing Requested) |

## DEBTORS' EMERGENCY MOTION
## FOR ENTRY OF AN ORDER (I) AUTHORIZING THE PAYMENT
## OF CERTAIN TAXES AND FEES AND (II) GRANTING RELATED RELIEF

> **Emergency relief has been requested. Relief is requested not later than 1:30 p.m. on May 9, 2022.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on May 9, 2022 at 1:30 p.m. in Courtroom 404, 4th floor, Bob Casey United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002.**
>
> **Participation at the hearing will only be permitted by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Cypress Environmental Partners, L.P. (1523); Cypress Municipal Water Services, LLC (5974); Cypress Environmental Partners, LLC (7385); Cypress Brown Integrity, LLC (3455); Cypress Energy Partners - 1804 SWD, LLC (9110); Cypress Energy Partners - Bakken, LLC (9092); Cypress Energy Partners - Grassy Butte SWD, LLC (9047); Cypress Energy Partners - Green River SWD, LLC (1534); Cypress Energy Partners - Manning SWD, LLC (4247); Cypress Energy Partners - Mork SWD, LLC (0761); Cypress Energy Partners - Mountrail SWD, LLC (4977); Cypress Energy Partners - Tioga SWD, LLC (3230); Cypress Energy Partners - Williams SWD, LLC (3840); Cypress Environmental - PUC, LLC (8637); Cypress Environmental Management - TIR, LLC (5803); Cypress Environmental Management, LLC (4753); Cypress Environmental Services, LLC (7770); Tulsa Inspection Resources - PUC, LLC (2514); and Tulsa Inspection Resources, LLC (4632). The Debtors' service address for the purposes of these chapter 11 cases is 5727 South Lewis Avenue, Suite 300, Tulsa, Oklahoma 74105.

1

> the conference room number.   Judge Isgur's conference room number
> is 954554.  Video communication will be by use of the GoToMeeting platform.
> Connect via the free GoToMeeting application or click the link on Judge
> Isgur's home page.  The meeting code is "JudgeIsgur".  Click the settings icon
> in the upper right corner and enter your name under the personal information
> setting.
>
> Hearing appearances must be made electronically in advance of both
> electronic and in-person hearings.  To make your appearance, click the
> "Electronic Appearance" link on Judge Isgur's home page. Select the case and
> complete the required fields and click "Submit" to complete your appearance.

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this motion (this "Motion"):

## RELIEF REQUESTED

1.      The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), (a) authorizing, but not directing, the Debtors to pay various local, state, and federal taxing and regulatory authorities (collectively, the "Taxing Authorities") on account of Taxes (as defined below) that arose before the Petition Date (as defined below) and in the ordinary course; and (b) granting related relief.

2.      A non-exclusive list of the Taxing Authorities is annexed as **Exhibit 1** (the "Taxing Authority List") to the Order.[2]  Although the Debtors believe the Taxing Authority List is substantially complete, the Debtors request the relief be made applicable to all Taxing Authorities and not solely to those Taxing Authorities listed on the Taxing Authority List.

## JURISDICTION AND VENUE

3.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This matter is a core

---

[2]     The inclusion of any entity on, or the omission of any entity from, the Taxing Authority List is not an admission by the Debtors that such entity is, or is not, a Taxing Authority to which the Debtors owe any amount, and the Debtors reserve all rights with respect to any such determination.

proceeding under 28 U.S.C. § 157(b).  The Debtors confirm their consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.     The bases for the relief requested herein are sections 363(b), 507(a), 541(d), and 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Bankruptcy Local Rules of the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Local Rules").

## BACKGROUND

### I.     Overview of Chapter 11 Cases

6.     On May 8, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned chapter 11 cases (the "Chapter 11 Cases").  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases, and no official committee has been appointed or designated.

7.     The Debtors provide inspection, water treatment, and other environmental services that help their customers protect people, property, infrastructure, and the environment with a focus on safety and sustainability.  The Debtors' primary business, inspection services, provides essential environmental services, including inspection and integrity services on a variety of infrastructure assets such as midstream pipelines, oil and gas well gathering systems, natural gas plants, storage

3

facilities, pumping stations, compression stations, and natural gas distribution systems. The Debtors' primary business includes visual inspection, non-destructive testing and examination, and in-line inspection support services, for pipeline and energy infrastructure owners and operators and natural gas public utilities that serve our communities.  Under the environmental services segment, the Debtors own and operate water treatment facilities in North Dakota where they specialize in the treatment, recovery, separation, and disposal of waste byproducts generated by their customers during the lifecycle of an oil or natural gas well.  The Debtors provide quality services in a safe, professional, ethical, and cost-effective manner adding value to their clients throughout the life of their assets.

8.     Additional factual background and information regarding the Debtors, including their business operations, their corporate and capital structure, the events leading to the commencement of these Chapter 11 Cases, and the emergency need for the relief requested in this Motion, are set forth in detail in the *Declaration of Peter C. Boylan III, Chairman & Chief Executive Officer of the Debtors, in Support of the Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration"),[3] filed contemporaneously herewith and incorporated herein by reference.

## II.     The Debtors' Prepetition Taxes

9.     In connection with the normal operation of their businesses, the Debtors collect, withhold, and incur an assortment of taxes, regulatory fees, and assessments that they remit periodically to various Taxing Authorities.

---

[3]     Capitalized terms used but not otherwise defined herein have the meanings given to such terms in the First Day Declaration.

10.     The taxes, fees, and assessments to which the Debtors are typically subject to generally fall into the categories listed in the chart directly below (each defined below and, collectively, together with associated fees, the "Taxes").[4]  The Taxes are due monthly, quarterly, or annually, in each case as required by applicable laws and regulations.  In the last twelve months, the Debtors paid approximately $219,000 in Taxes.[5]  The Debtors estimate that approximately $70,310 relating to the prepetition period has accrued on account of Taxes.  The Taxes are summarized as follows and each category of Taxes is discussed in turn below:

| Category | Description | Estimated Total Amount Due or Accrued as of Petition Date |
|---|---|---|
| Sales Taxes | Taxes in connection with services provided or the purchase or sale of equipment, materials, and supplies. | $3,110 |
| Property Taxes | Taxes and obligations related to real and personal property holdings. | $20,000 |
| Income Taxes | Taxes imposed on the Debtors' income. | $0 |
| Franchise Taxes | Taxes required to conduct business in the ordinary course in certain states. | $10,000 |
| Filing Fees | Filing fees to maintain entity good standing in various state jurisdictions. A third-party service monitors and files all annual reports on Debtors' behalf. | $0 |
| Other Taxes and Fees | Certain other taxes and fees which may be collected, withheld or incurred | $37,200 |

---

[4]     The Debtors are not seeking authority in this Motion to remit to Taxing Authorities amounts withheld from employees' salaries, wages and other compensation related to federal, state and local taxes, which is addressed separately in the *Debtors' Emergency Motion for Entry of an Order (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable Expenses and (B) Continue Employee Benefits Programs and (II) Granting Related Relief* (the "Wages Motion"), filed contemporaneously herewith. Although the Debtors believe that the Taxes listed are an accurate representation of the Taxes the Debtors pay, the Debtors reserve the right to supplement the list if they inadvertently omitted any Taxes that are paid in the ordinary course.

[5]     This total does not include Withholding Taxes and Employee Payroll Taxes (each as defined in the Wages Motion), as such amounts are included in the authority requested pursuant to the Wages Motion.

| | by the Debtors, including business permitting fees in various states. | |
|---|---|---|
| | **TOTAL**: | **$70,310** |

**A.      Sales and Use Taxes**

11.      In the ordinary course of business, the Debtors are required in certain states to collect and pay sales and use taxes (the "Sales Taxes").  The Debtors collect sales taxes from purchasers of their services on a per sale basis and periodically remit the sales taxes to the applicable Taxing Authorities.  The  Debtors pay Sales Taxes are paid in arrears on a monthly basis.  If the Debtors do not pay the Sales in accordance with their obligations, then the Debtors may become liable for further amounts in the form of penalties.  The Debtors estimate that approximately $3,110 in Sales Taxes relating to the prepetition period will have accrued and/or been collected as of the Petition Date.

**B.      Property Taxes**

12.      The Debtors own real and personal property located throughout the country which is subject to state, county, and local property taxes (the "Real Property Taxes" and "Personal Property Taxes" respectively, and collectively, the "Property Taxes").  The Real Property Taxes accrue on an annualized basis and are paid in arrears.  The Personal Property Taxes typically accrue on an annualized basis and are paid annually in arrears in January of each year.  In certain instances, the Debtors have arrangements to make their annual payments over time.  The Debtors estimate that approximately $20,000 in Property Taxes relating to the prepetition period will have accrued or became due as of the Petition Date.

**C.      Income Taxes**

13.      The Debtors are required to pay state and local income taxes on their taxable income (the "Income Taxes").  The Debtors typically pay Income Taxes on an annual basis by

check, wire, or via the relevant state Taxing Authority's website, however, the Debtors have operated with a net operating loss position for the past 16 months.  The Debtors do not believe they have any amount accrued on account of Income Taxes related to the prepetition period.  However, in the abundance of caution, the Debtors request authority to pay any such amounts, which would be *de minimis*, in the ordinary course.

### D.    Franchise Taxes

14.    The Debtors are required to pay certain taxes assessed for doing business within a particular jurisdiction, including in Texas (the "Franchise Taxes").[6]  The Franchise Taxes are typically paid annually in arrears to the applicable Taxing Authority via the state of  Texas's website.  The Debtors estimate that approximately $10,000 in Franchise Taxes relating to the prepetition period will have accrued or became due as of the Petition Date.

### E.    Filing Fees

15.    The Debtors are required to maintain entity good standing in various state jurisdictions.  A Third-party service monitors and files all annual reports on the Debtors' behalf.  The Debtors do not believe they have any amount accrued on account of Filing Fees related to the prepetition period.  However, in the abundance of caution, the Debtors request authority to pay any such amounts, which would be *de minimis*, in the ordinary course

### F.    Other Taxes and Regulatory Assessments

16.    In the ordinary course of business, the Debtors may collect, withhold, or incur other taxes (including, but not limited to, LLC fees and taxes, limited partnership taxes, replacement taxes, and other local taxes, fees, and charges).  The Debtors also must pay certain other permitting

---

[6]    The Debtors pay certain taxes and fees to the states of California, Alabama, Arizona, Illinois, Kentucky, Minnesota, New York, Oregon, and Tennessee that are classified as Regulatory and Other Fees by the Debtors and included in that category of this Motion.

fees, licensing fees, levies, regulatory assessments, and federal, state, and other miscellaneous fees or charges (collectively, the "Other Fees").   The continued payment of certain Other Fees, including any such Taxes due and owing on account of prepetition Other Fees, is crucial to the preservation of value in the Chapter 11 Cases.  The Debtors estimate that they owe approximately $37,200 on account of Other Fees as of the Petition Date.

## **BASIS FOR RELIEF**

### I.   **Certain of the Taxes May Not Be Property of the Debtors' Estates**

17.     Section 541(d) of the Bankruptcy Code provides, in relevant part, that "[p]roperty in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest . . . becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtors' legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold."   The Debtors collect and withhold certain Taxes on behalf of the applicable Taxing Authorities and are holding such amounts in trust for such Taxing Authorities.  *See, e.g.*, I.R.C. § 7501 (stating that certain taxes and fees are held in trust); Tex.  Tax Code Ann. § 111.016(a) (Vernon 2007) ("Any person who receives or collects a tax or any money represented to be a tax from another person holds the amount so collected in trust for the benefit of the state and is liable to the state for the full amount collected plus any accrued penalties and interest on the amount collected."); *City of Farrell v. Sharon Steel Corp*., 41 F.3d 92, 96 (3d Cir. 1994) (finding that withholding taxes were subject to a trust); *Al Copeland Enters., Inc. v. Texas*, 991 F.2d 233, 235 (5th Cir. 1993) (debtors' prepetition collection of sales taxes and interest thereon held subject to trust and not property of estate).   As such, these Taxes are not property of the Debtors' estates under section 541 of the Bankruptcy Code.  *See, e.g.*, 11 U.S.C. § 541(d); *Begier v. IRS*, 496 U.S. 53, 60–62 (1990) (holding that excise and withholding taxes are property held by a debtor in trust for another and, as such, are not property of the debtor's estate); *In re Equalnet*

*Commc'ns Corp.*, 258 B.R. 368, 370 (Bankr. S.D. Tex. 2000) ("[C]ertain prepetition tax claims, such as sales taxes, could be trust fund claims.").  For example, all U.S. federal internal revenue tax withheld is considered to be held in a special fund in trust for the United States.  *Begier*, 496 U.S. at 60.  Consequently, the Debtors may not have an equitable interest in any of the Taxes held on account of the Taxing Authorities.  The Debtors should be permitted to pay those funds to the Taxing Authorities as they become due in the ordinary course.[7]

## II.   Certain of the Taxes May Be Secured or Priority Claims Entitled to Priority Treatment Under the Bankruptcy Code

18.     Claims for certain of the Taxes may be priority claims entitled to payment before general unsecured claims.  *See* 11 U.S.C. § 507(a)(8) (describing taxes entitled to priority treatment).  These include unsecured claims of governmental units for a tax on or measured by income or gross receipts for a taxable year ending on or before the Petition Date (11 U.S.C. § 507(a)(8)(A)), a property tax incurred before the Petition Date and last payable without penalty after one year before the Petition Date (11 U.S.C. § 507(a)(8)(B)), and a tax required to be collected or withheld and for which the debtor is liable in whatever capacity (11 U.S.C. § 507(a)(8)(C)).  Obligations labeled as "fees" or "charges" may also be entitled to priority status as taxes.  *See LTV Steel Co., Inc. v. Shalala (In re Chateaugay Corp.)*, 53 F.3d 478, 498 (2d Cir. 1995) (citation omitted).  A fee or charge is a tax if it is an involuntary pecuniary burden: (i) laid upon the individual or property; (ii) imposed by, or under authority of the legislature; (iii) assumed for public purposes, including the purposes of defraying expenses of government or undertakings authorized by it; and (iv) assessed under the police or taxing power of the state.  *Id*.  Here, all or substantially all of the Taxes and Assessments are involuntary

---

[7]    For the avoidance of doubt, the Debtors hereby request authority to pay the Taxes as provided herein regardless of whether such Taxes constitute trust fund obligations.

pecuniary burdens imposed by the authority of a federal, state or local legislature under their police or taxing powers, the funds of which are used for general public benefit.  Regardless of their statutory characterization as "fees" or "charges," many, if not all, of the Taxes and Assessments qualify for priority under section 507(a)(8) of the Bankruptcy Code.

19.     Additionally, Taxing Authorities may attempt to assess interest and penalties if such amounts are not paid.  Moreover, claims entitled to priority status pursuant to section 507(a)(8) of the Bankruptcy Code must be paid in full in order to confirm a plan pursuant to section 1129(a)(9)(C) of the Bankruptcy Code.  Paying such Taxes would not give Taxing Authorities more than what they otherwise would be entitled under a chapter 11 plan and will save the Debtors the potential interest expense, legal expense, and penalties that might otherwise accrue on Taxes during these Chapter 11 Cases.  Therefore, the payment of certain Taxes (*i.e.*, the ones that may be entitled to priority) at this time merely affects the timing of the payment for the amounts at issue and will not unduly prejudice the rights and recoveries of junior creditors.[8]

20.     It is also likely that at least some of the Taxes may be entitled to secured status with respect to the property that the Debtors own.  As secured claims, these Taxes would be entitled to priority treatment when the Debtors sell the property that these Taxes are recorded against or when the Debtors confirm a plan of reorganization.  *See* 11 U.S.C. §§ 506(a);  1129(a)(9)(C); 1129(b)(2)(A) (requiring, in a cramdown plan of reorganization, that a class of secured creditors is entitled to payment in full or, among other things, retention of their liens).  Thus, authority to pay the Taxes only affects the timing of the payments and will not unduly prejudice the rights and recoveries of other creditors of the Debtors.

---

[8]     Nothing in this Motion is an admission that certain taxes are entitled to administrative priority or secured status.

**III.    The Court Has Authority Pursuant to Sections 363(b) and 105(a) of the Bankruptcy Code to Grant the Requested Relief**

21.     The payment of certain prepetition obligations is necessary to protect and preserve the estate, including an operating business's going concern value.  *See, e.g.*, *In re CoServ*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002); *see also In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) ("The ability of a Bankruptcy Court to authorize the payment of pre-petition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel concept.").   In doing so, courts acknowledge that several legal theories rooted in sections 105(a), 363(b), and 1107(a) of the Bankruptcy Code support the payment of Taxes as provided herein.

22.     Under section 105(a) of the Bankruptcy Code, "the [C]ourt may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a); *In re CoServ*, 273 B.R. at 497 (finding that sections 105 and 1107 of the Bankruptcy Code provide the authority for a debtor in possession to pay prepetition claims); *In re Mirant Corp.*, 296 B.R. 427, 429 (Bankr. N.D. Tex. 2003) (noting that non-payment of prepetition claims may seriously damage a debtor's business).  Section 105(a) therefore authorizes the payment of prepetition claims when the payments are critical to preserving the going concern value of the debtor's estate, as is the case here.

23.     Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . . ." 11 U.S.C. § 363(b)(1).  Under this section, a court may authorize the payment of certain prepetition claims where a debtor "show[s] that a sound business purpose justifies such actions."  *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (D. Del. 1999).  Moreover, "[w]here the debtor articulates a reasonable basis for its business decisions (as distinct from a

decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct." *In re Johns-Manville Corp.*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986) (citation omitted); *see also In re Tower Air, Inc.*, 416 F.3d 229, 238 (3d Cir. 2005) ("Overcoming the presumptions of the business judgment rule on the merits is a near-Herculean task.").

24.     Implicit in the fiduciary duties of any debtor in possession is the obligation to "protect and preserve the estate, including an operating business's going concern value." *CoServ*, 273 B.R. at 497.  Some courts note that there are instances in which a debtor can fulfill this fiduciary duty "only . . . by the preplan satisfaction of a prepetition claim." *Id*.  The court in *CoServ* specifically noted the pre-plan satisfaction of prepetition claims would be a valid exercise of the debtor's fiduciary duty when the payment "is the only means to effect a substantial enhancement of the estate . . . ." *Id*.  Consistent with a debtor's fiduciary duties, courts have also authorized payment of prepetition obligations under section 363(b) of the Bankruptcy Code where a sound business purpose exists for doing so.  *See, e.g.*, *Ionosphere Clubs*, 98 B.R. at 175.

25.     A sound business purposes exists here.  The Debtors' ability to pay the Taxes is critical to their continued and uninterrupted operations.  If certain Taxes remain unpaid, the Taxing Authorities may seek to recover such amounts directly from the Debtors' directors, officers, or employees, thereby distracting such key personnel from the administration of these Chapter 11 Cases.  *See*, *e.g.*, Tex.  Tax Code Ann. § 111.016 (Vernon 2007) (persons who hold money paid as a tax for the benefit of the state are liable to the state for the full amount); *In re Tex. Pig Stands, Inc.*, 610 F.3d 937, 941 (5th Cir. 2010) (noting that corporate officers may be held responsible for payment of certain corporate taxes).  Any collection action on account of such claims and any potential ensuing liability would distract the Debtors and their personnel from their restructuring objectives to the detriment of all parties in interest.  The dedicated and active participation of the

Debtors' officers and employees is integral to the Debtors' continued operations and essential to the orderly administration and, ultimately, the success of these Chapter 11 Cases.

26.     The Debtors' request to pay the Taxes is also reasonable in light of the added costs that may be incurred if such amounts remain unpaid.  Specifically, the Debtors' obligations for Taxes can ultimately result in increased liabilities for the Debtors if interest and penalties accrue on the Taxes, which amounts may also be entitled to priority treatment. *See, e.g.*, Tex.  Tax Code Ann. § 111.016(a) (Vernon 2007).  Such a result would be contrary to the best interests of the Debtors' estates and all stakeholders.  As noted above, many of the Taxes may be entitled to priority status pursuant to section 507(a)(8) of the Bankruptcy Code.  If these obligations are entitled to priority status, they may accrue penalties and interest.

27.     Additionally, the Debtors routinely pay their Taxes when they come due in the ordinary course of business.  Section 363(c)(1) permits the Debtors to make payments in the ordinary course of business without notice and a hearing.  Indeed, the U.S. Trustee requires that debtors pay all tax obligations arising after the filing of the petition in full when due. *See, e.g.*, *Region 7 Guidelines for Debtors-in-Possession*.  However, out of an abundance of caution, the Debtors also request authority to continue making such payments in the event they are not considered ordinary course.

28.     For the foregoing reasons, granting Debtors the authority, but not direction, to pay prepetition Taxes in the ordinary course, as well as to continue to pay Taxes postpetition in the ordinary course, is necessary, appropriate, and in the best interests of the Debtors, their estates, and all other parties-in-interest in these cases.

**IV.    Banks Should be Authorized to Receive, Process, Honor, and Pay Checks Issued and Transfers Requested to Pay the Taxes and Assessments**

29.    The Debtors further request that the Court authorize, but not direct, the Banks to receive, process, honor, and pay, to the extent of funds on deposit, any and all checks issued or to be issued and electronic funds transfers requested or to be requested by the Debtors relating to the Taxes and Assessments.  The Debtors also seek authority, but not direction, to issue new postpetition checks or effect new postpetition electronic funds transfers in replacement of any checks or transfer requests on account of any prepetition Taxes and Assessments dishonored or rejected as a result of the Chapter 11 Cases.

## EMERGENCY CONSIDERATION

30.    The Debtors request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which allows this Court to grant relief within the first twenty-one (21) days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm."  An immediate and orderly transition into chapter 11 is critical to the viability of the Debtors' operations, and any delay in granting the relief requested could jeopardize the Debtors' ability to restructure.  The Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and request that the Court approve the relief requested in this Motion on an emergency basis in order to preserve the ongoing value of the Debtors' estates.

## WAIVER OF BANKRUPTCY RULE 6004(a) AND 6004(h)

31.    To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

## RESERVATION OF RIGHTS

32.     Nothing contained herein or any actions taken pursuant to such relief requested is intended or shall be construed as (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a waiver of any claims or causes of action which may exist against any creditor or interest holder; (f) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; (h) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance of property of the Debtors' estates; or (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.  If the Court grants the relief sought herein, any payment made pursuant to an order of the Court is not intended and should not be construed as an admission as to the validity or priority of any claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

## NOTICE

33.     The Debtors will provide notice of this Motion to:  (a) the Office of the United States Trustee for the Southern District of Texas; (b) the holders of the 30 largest unsecured claims

against the Debtors (on a consolidated basis); (c) the Prepetition First Lien Lender and Prepetition First Lien Agent (each as defined in the DIP Motion);[9] (d) the DIP Lender and DIP Agent (each as defined in the DIP Motion); (e) the Office of the United States Attorney for the Southern District of Texas; (f) the state attorneys general for states in which the Debtors conduct business; (g) the Internal Revenue Service; (h) the United States Securities and Exchange Commission; (i) the Environmental Protection Agency and similar state environmental agencies for states in which the Debtors conduct business; (j) the Taxing Authorities listed on **Exhibit 1**; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In view of the nature of the relief requested, the Debtors respectfully submit that no other or further notice need be provided.

[*Remainder of Page Intentionally Left Blank*]

---

[9]   "DIP Motion" means the *Debtors' Emergency Motion for the Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Senior Secured Superpriority Postpetition Financing and (B) Utilize Cash Collateral of the Prepetition First Lien Secured Parties, (II) Granting Adequate Protection to the Prepetition First Lien Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief,* filed contemporaneously herewith.

The Debtors respectfully request entry of the Order granting the relief requested in this Motion and such other and further relief as the Court deems appropriate under the circumstances.

Dated: May 9, 2022
Houston, Texas

/s/ *James Grogan*

**PAUL HASTINGS LLP**
James Grogan (TX Bar No. 24027354)
600 Travis Street, 58th Floor
Houston, Texas 77002
Telephone:  (713) 860-7300
Facsimile:  (713) 353-3100
Email: jamesgrogan@paulhastings.com

-and-

Justin Rawlins (*pro hac vice* admission pending)
1999 Avenue of the Stars, 27th Floor
Century City, California 90067
Telephone:  (310) 620-5700
Facsimile:  (310) 620-5899
Email:  justinrawlins@paulhastings.com

-and-

Matthew Micheli (*pro hac vice* admission pending)
Matthew Smart (*pro hac vice* admission pending)
Michael Jones (*pro hac vice* admission pending)
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
Telephone:  (312) 499-6000
Facsimile:  (312) 499-6100
Email:  mattmicheli@paulhastings.com
        matthewsmart@paulhastings.com
        michaeljones@paulhastings.com

*Proposed Counsel to the Debtors and Debtors in Possession*

**<u>Certificate of Accuracy</u>**

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

 */s/ James Grogan*
James Grogan

**<u>Certificate of Service</u>**

I certify that on May 9, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

 */s/ James Grogan*
James Grogan

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CYPRESS ENVIRONMENTAL PARTNERS, L.P., *et al.*,[1] | ) | Case No. 22-90039 (MI) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | **Re: Docket No. ___** |

**ORDER (I) AUTHORIZING THE PAYMENT OF**
**CERTAIN TAXES AND FEES AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") for entry of an order (this "Order") (a) authorizing, but not directing,

the Debtors to pay the Taxes that arose before the Petition Date and in the ordinary course, pursuant

to sections 363(b), 507(a), 541 and 105(a) of the Bankruptcy Code and Bankruptcy Rules 6003

and 6004; and (b) granting related relief, as more fully set forth in the Motion; and this Court

having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that

this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue

of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409;

and this Court having found that it may enter a final order consistent with Article III of the United

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Cypress Environmental Partners, L.P. (1523); Cypress Municipal Water Services, LLC (5974); Cypress Environmental Partners, LLC (7385); Cypress Brown Integrity, LLC (3455); Cypress Energy Partners - 1804 SWD, LLC (9110); Cypress Energy Partners - Bakken, LLC (9092); Cypress Energy Partners - Grassy Butte SWD, LLC (9047); Cypress Energy Partners - Green River SWD, LLC (1534); Cypress Energy Partners - Manning SWD, LLC (4247); Cypress Energy Partners - Mork SWD, LLC (0761); Cypress Energy Partners - Mountrail SWD, LLC (4977); Cypress Energy Partners - Tioga SWD, LLC (3230); Cypress Energy Partners - Williams SWD, LLC (3840); Cypress Environmental - PUC, LLC (8637); Cypress Environmental Management - TIR, LLC (5803); Cypress Environmental Management, LLC (4753); Cypress Environmental Services, LLC (7770); Tulsa Inspection Resources - PUC, LLC (2514); and Tulsa Inspection Resources, LLC (4632). The Debtors' service address for the purposes of these chapter 11 cases is 5727 South Lewis Avenue, Suite 300, Tulsa, Oklahoma 74105.

[2]   Where context requires, capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

States Constitution; and due, sufficient, and proper notice of the Motion having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Bankruptcy Local Rules, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and upon consideration of the First Day Declaration and the record of the Hearing and all of the proceedings had before the Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and all other parties in interest, and that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1.      The Debtors are authorized, but not directed, to pay to the Taxing Authorities, including, without limitation, those Taxing Authorities listed on **Exhibit 1** annexed hereto, all Taxes that arose before the Petition Date, including Taxes subsequently determined to be owed for the periods before the Petition Date, in each case, solely to the extent that such Taxes are or become payable in accordance with applicable law.

2.      The Debtors shall maintain a matrix/schedule of payments made pursuant to this Order, including the following information: (a) the name of the payee, (b) the date and amount of the payment, and (c) the category or type of payment.  The Debtors shall provide a copy of such matrix/schedule to the U.S. Trustee and any statutory committee appointed in these Chapter 11 Cases every 30 days beginning upon entry of this Order, but need not provide such matrix during any thirty-day period in which no new payments would be reflected thereon

3.      The Debtors are authorized, but not directed, to pay or remit (or use tax credits to offset) Taxes in the ordinary course of their business, whether such obligations accrued or arose

before or after the Petition Date; *provided that* the Debtors shall not pay any Taxes before such Taxes are due to the applicable Taxing Authority.

4.      The Debtors are authorized, but not directed, to seek a refund or credit to the extent that the Debtors have overpaid any Taxes.

5.      Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, any of the Taxing Authorities.

6.      The Debtors are authorized, but not directed, to pay any amounts that later come due, whether as a result of any pending or future audits, or otherwise, in connection with their Taxes in the ordinary course of business.

7.      The Debtors' banks and financial institutions shall be, and hereby are, authorized, when requested by the Debtors in their sole discretion, to process, honor, pay, and, if necessary, reissue any and all checks, including prepetition checks that the Debtors reissue postpetition, and electronic fund transfers drawn on the Debtors' bank accounts relating to the Taxes, whether such checks were presented or funds transfer requests were submitted prior to or subsequent to the Petition Date, provided that sufficient funds are available in the applicable accounts to make the payments.

8.      The Debtors are authorized, but not directed, to execute and deliver such documents and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

9.      Notwithstanding anything contained in the Motion or this Order, any payment to be made, and any relief or authorization granted herein, shall be subject to, and must be in compliance with, the terms and conditions in any interim or final order entered by the Court

approving the Debtors' entry into any postpetition debtor in possession financing facility and/or authorizing the Debtors' use of cash collateral, including any budget in connection therewith (as may be updated and approved from time to time in accordance with the terms of any such interim or final order) (each such order, a "DIP Order").  To the extent there is any inconsistency between the terms of a DIP Order and any action taken or proposed to be taken hereunder, the terms of the DIP Order shall control.

10.     Nothing contained in the Motion or this Order, nor any payment made pursuant to the authority granted by this Order, is intended to be or shall be construed as:(a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a waiver of any claims or causes of action which may exist against any creditor or interest holder; (f) a request to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; (h) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance of property of the Debtors' estates; and (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

11.     The Court finds and determines that the requirements of Bankruptcy Rule 6003(b) are satisfied and that the relief is necessary to avoid immediate and irreparable harm.

12.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

13.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

14.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the enforcement of this Order.

Houston, Texas
Dated: _____, 2022

_____
THE HONORABLE MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE

## **Exhibit 1**

**Taxing Authorities List**

| Taxing Authority | Address |
|---|---|
| New Mexico Taxation and Revenue Dept. | PO Box 25128, Santa Fe, NM  87504-5128 |
| South Dakota Dept. of Revenue | Business Tax Division, 445 E. Capitol Ave., Pierre, SD 57501-3100 |
| Washington State Dept. of Revenue | PO Box 47464, Olympia, WA  98504-7464 |
| California Franchise Tax Board | PO Box 942840, Sacramento, CA  94240-0040 |
| Alabama Dept. of Revenue | Business Privilege Tax Section, PO Box 327320, Montgomery, AL  36132-7320 |
| Arizona Dept. of Revenue | PO Box 52153, Phoenix, AZ  85072-5153 |
| Illinois Dept. of Revenue | PO Box 19031, Springfield, IL  62794-9031 |
| Kentucky Dept. of Revenue | Frankfort, KY  40620-0021 |
| Minnesota Revenue | PO Box 64651, St. Paul, MN  55164-0651 |
| New York Dept. of Taxation | State Processing Center, PO Box 15310, Albany, NY 12212-5310 |
| Oregon Dept. of Revenue | 955 Center St NE, Salem, OR  97301-2555 |
| Tennessee Dept. of Revenue | 500 Deaderick St., Andrew Jackson State Office Bldg., Nashville, TN  37242 |
| Internal Revenue Service | Ogden, UT  84201-0002 |
| Oklahoma Tax Commission | 2501 N. Lincoln Blvd., Oklahoma City, OK  73194 |
| Alaska Dept. of Revenue | Tax Division, PO Box 110420, Juneau, AK  99811-0420 |
| Alabama Dept. of Revenue | Income Tax Administration, PO Box 327441, Montgomery, AL  36132-7441 |
| State Income Tax | PO Box 8056, Little Rock, AR  72203-8056 |
| State of Connecticut | Dept. of Revenue Services, PO Box 2967, Hartford, CT 06104-2967 |
| Florida Dept. of Revenue | 5050 W. Tennessee St., Tallahassee, FL  32399-0135 |
| Georgia Dept. of Revenue | Processing Center, PO Box 740315, Atlanta, GA  30374-0315 |

| Taxing Authority | Address |
|---|---|
| Iowa Dept. of Revenue | Income Tax Return Processing, PO Box 9187, Des Moines, IA  50306-9187 |
| Idaho State Tax Commission | PO Box 56. Boise, ID  83756-0056 |
| Indiana Dept. of Revenue | PO Box 7147, Indianapolis, IN  46207-7147 |
| Kansas Dept. of Revenue | S-Corporation, PO Box 750260, Topeka, KS  66699-0260 |
| Louisiana Dept. of Revenue | PO Box 3440, Baton Rouge, LA  70821-3440 |
| Massachusetts Dept. of Revenue | PO Box 7017, Boston, MA  02204 |
| Controller of Maryland | Revenue Administration Division, 110 Carroll St., Annapolis, MD  21411-0001 |
| Missouri Dept. of Revenue | PO Box 3000, Jefferson City, MO  65105-3000 |
| Mississippi Dept. of Revenue | PO Box 23191, Jackson, MS  39225-3191 |
| Montana Dept. of Revenue | PO Box 8021, Helena, MT  59604-8021 |
| North Carolina Dept. of Revenue | PO Box 25000, Raleigh, NC  27640-0640 |
| State Tax Commissioner | 600 E. Blvd. Ave., Dept. 127, Bismarck, ND  58505-0599 |
| Nebraska Dept. of Revenue | PO Box 94818, Lincoln, NE  68509-4818 |
| New Jersey Division of Taxation | Revenue Processing Center, PO Box 194, Trenton, NJ  08646-0194 |
| New York State Dept. of Revenue | State Processing Center, PO Box 15310, Albany, NY  12212-5310 |
| Oklahoma Tax Commission | PO Box 26800, Oklahoma City, OK  73126-0800 |
| Pennsylvania Dept. of Revenue | Bureau of Individual Taxes, PO Box 280,509, Harrisburg, PA  17128-0509 |
| South Carolina Dept. of Revenue | PO Box 125, Columbia, SC 29214-0037 |
| Utah State Tax Commission | 210 N 1950 W, Salt Lake City, UT  84134-0270 |
| Dept. of Taxation | PO Box 1115, Richmond, VA  23218-1115 |

| Taxing Authority | Address |
|---|---|
| Vermont Dept. of Taxes | 133 State Street, Montpelier, VT  05633-1401 |
| Wisconsin Dept. of Revenue | PO Box 8965, Madison, WI  53708-8965 |
| West Virginia State Tax Dept. | Tax Account Administration Division, PO Box 11751, Charleston, WV  25339-1751 |
| Corporation Income Tax | PO Box 919, Little Rock, AR  72203-0919 |
| Arizona Dept. of Revenue | PO Box 29079, Phoenix, AZ  85038-9079 |
| Colorado Dept. of Revenue | Denver, CO  80261-0006 |
| Indiana Dept. of Revenue | PO Box 7231, Indianapolis, IN  46207-7231 |
| Kentucky Dept. of Revenue | PO Box 856905, Louisville, KY  40285-6905 |
| North Carolina Dept. of Revenue | PO Box 25000, Raleigh, NC  27640-0500 |
| Pennsylvania Dept. of Revenue | PO Box 280701, Harrisburg, PA  17128-0701 |
| South Carolina Dept. of Revenue | PO Box 125, Columbia, SC  29214-0032 |
| Utah State Tax Commission | Taxpayer Services Division, 210 N 1950 W, Salt Lake City, UT  84134-0700 |
| Texas Comptroller of Public Accounts | PO Box 149348, Austin, TX  78714-9348 |
| Mountrail County Treasurer | PO Box 69, Stanley, ND  58784 |
| McKenzie County Treasurer | 201 5th St NW,  Suite 504, Watford City, ND  58854 |
| Billings County Treasurer | PO Box 168, 495 4th St., Medora, ND  58645 |
| Tulsa County Treasurer | 218 W. 6th St., 8th Floor, Tulsa, OK  74119-1004 |
| Dunn County Treasurer | 205 Owens Street, Manning, ND  58642 |
| Williams County Treasurer | PO Box 2047, 206 E. Broadway, Williston, ND  58802 |
| Texas Dept. of State Health Services | PO Box 149347, Austin, Texas 78714-9347 |
| North Dakota Industrial Commission | State Capitol, 14th Floor, 600 E Boulevard Ave., Dept. 405, Bismarck, ND 58505-0840 |