**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CYPRESS ENVIRONMENTAL PARTNERS, L.P., *et al.*,[1] | ) Case No. 22-90039 (MI) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) (Emergency Hearing Requested) |

**DEBTORS' EMERGENCY MOTION**
**FOR ENTRY OF AN ORDER (I) DETERMINING**
**ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY**
**SERVICES, (II) PROHIBITING UTILITIES FROM DISCONTINUING**
**SERVICE, (III) ESTABLISHING PROCEDURES FOR DETERMINING**
**ADEQUATE ASSURANCE OF PAYMENT, AND (IV) GRANTING RELATED RELIEF**

> **Emergency relief has been requested.  Relief is requested not later than 1:30 p.m. on May 9, 2022.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph.  Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on May 9, 2022 at 1:30 p.m. in Courtroom 404, 4th floor, Bob Casey United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002.**
>
> **Participation at the hearing will only be permitted by an audio and video connection.**

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Cypress Environmental Partners, L.P. (1523); Cypress Municipal Water Services, LLC (5974); Cypress Environmental Partners, LLC (7385); Cypress Brown Integrity, LLC (3455); Cypress Energy Partners - 1804 SWD, LLC (9110); Cypress Energy Partners - Bakken, LLC (9092); Cypress Energy Partners - Grassy Butte SWD, LLC (9047); Cypress Energy Partners - Green River SWD, LLC (1534); Cypress Energy Partners - Manning SWD, LLC (4247); Cypress Energy Partners - Mork SWD, LLC (0761); Cypress Energy Partners - Mountrail SWD, LLC (4977); Cypress Energy Partners - Tioga SWD, LLC (3230); Cypress Energy Partners - Williams SWD, LLC (3840); Cypress Environmental - PUC, LLC (8637); Cypress Environmental Management - TIR, LLC (5803); Cypress Environmental Management, LLC (4753); Cypress Environmental Services, LLC (7770); Tulsa Inspection Resources - PUC, LLC (2514); and Tulsa Inspection Resources, LLC (4632).  The Debtors' service address for the purposes of these chapter 11 cases is 5727 South Lewis Avenue, Suite 300, Tulsa, Oklahoma 74105.

> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Isgur's conference room number is 954554. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Isgur's home page. The meeting code is "JudgeIsgur". Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Isgur's home page. Select the case and complete the required fields and click "Submit" to complete your appearance.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this motion (this "Motion"):

## RELIEF REQUESTED

1.      The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), (a) determining that the Proposed Adequate Assurance provides the Utility Providers (each as defined herein) with adequate assurance of payment within the meaning of section 366 of title 11 of the United States Code (the "Bankruptcy Code"), (b) prohibiting the Utility Providers from altering, refusing, or discontinuing services, (c) approving procedures for resolving any dispute concerning adequate assurance in the event that a Utility Provider is not satisfied with the Proposed Adequate Assurance, and (d) granting related relief.

## JURISDICTION AND VENUE

2.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding under 28 U.S.C. § 157(b). The Debtors confirm their consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 105(a) and 366 of the Bankruptcy Code, rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9013-1 of the Bankruptcy Local Rules of the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Local Rules").

## BACKGROUND

5.      On May 8, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing the above-captioned chapter 11 cases (the "Chapter 11 Cases").  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases, and no official committee has been appointed or designated.

6.       The Debtors provide inspection, water treatment, and other environmental services that help their customers protect people, property, infrastructure, and the environment with a focus on safety and sustainability.  The Debtors' primary business, inspection services, provides essential environmental services, including inspection and integrity services on a variety of infrastructure assets such as midstream pipelines, oil and gas well gathering systems, natural gas plants, storage facilities, pumping stations, compression stations, and natural gas distribution systems.  The Debtors' primary business includes visual inspection, non-destructive testing and examination, and in-line inspection support services, for pipeline and energy infrastructure owners and operators and natural gas public utilities that serve our communities.  Under the environmental services segment, the Debtors own and operate water treatment facilities in North Dakota where they specialize in the treatment, recovery, separation, and disposal of waste byproducts generated by their customers during the lifecycle of an oil or natural gas well.  The Debtors provide quality

services in a safe, professional, ethical, and cost effective manner adding value to their clients throughout the life of their assets.

7.      Additional factual background and information regarding the Debtors, including their business operations, their corporate and capital structure, the events leading to the commencement of these Chapter 11 Cases, and the emergency need for the relief requested in this Motion, are set forth in detail in the *Declaration of Peter C. Boylan III, Chairman & Chief Executive Officer of the Debtors, in Support of the Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration"),[2] filed contemporaneously herewith and incorporated herein by reference.

## UTILITY SERVICES AND PROPOSED ADEQUATE ASSURANCE

### I.      Utility Services and Utility Providers

8.      In connection with the operation of their businesses, the Debtors obtain electricity, natural gas, water and sewage, telephone, internet, cable, and other similar services (collectively, the "Utility Services") from a number of utility companies or brokers (collectively, the "Utility Providers").  A non-exclusive list of the Utility Providers and their affiliates that provide Utility Services to the Debtors as of the Petition Date (the "Utility Services List") is attached hereto as **Exhibit B**.[3]

9.      Uninterrupted Utility Services are essential to the Debtors' ongoing business operations, and hence the overall success of these Chapter 11 Cases.  The Debtors' business

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings given to such terms in the First Day Declaration.

[3]    Although the Debtors believe that the Utility Services List includes all of their Utility Providers, the Debtors reserve the right to supplement the list if they inadvertently omitted any Utility Provider.  Additionally, the listing of an entity on the Utility Services List is not an admission that such entity is a utility within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve the right to contest any such characterization in the future.

operations require them to maintain constant contact and communication both internally and externally with various vendors, service providers, and customers.  These communications require, among other things, uninterrupted electricity and telecommunications services.  Should any Utility Provider refuse or discontinue service, even for a brief period, the Debtors' business operations and safety procedures could be severely disrupted.  Any such disruption would jeopardize the Debtors' reorganization efforts.  Accordingly, it is essential that the Utility Services continue uninterrupted during these Chapter 11 Cases.

10.     To the best of the Debtors' knowledge, they are not in default of any undisputed invoices for prepetition Utility Services.  On average, the Debtors pay approximately $55,855 each month for the Utility Services, as calculated based on utility payments made over the past three-months, billing over a variety of time depending on when invoices were received.  To the best of the Debtors' knowledge, none of the Utility Providers hold deposits from the Debtors, and the Debtors are not in possession of any funds allocated for existing prepayments due with respect to any Utility Providers.

## II.     Proposed Adequate Assurance of Payment

11.     The Debtors intend to pay postpetition obligations owed to the Utility Providers in the ordinary course of business and in a timely manner.  The Debtors believe that cash held on hand by the Debtors, cash generated in the ordinary course of business, and proceeds of postpetition financing will provide sufficient liquidity to pay the Utility Providers for Utility Services in accordance with prepetition practice during the pendency of the Chapter 11 Cases.

12.     To provide additional assurance of payment, the Debtors propose to deposit approximately $27,928 (the "Adequate Assurance Deposit") into a segregated bank account (the "Adequate Assurance Account") within ten (10) business days of entry of the Order.  The

Adequate Assurance Deposit is equal to approximately one half of the Debtors' average monthly cost of Utility Services, as calculated based on utility payments made in the past three-months, billing over a variety of time depending on when invoices were received.  The Adequate Assurance Deposit will be held in the Adequate Assurance Account for the duration of the Debtors' Chapter 11 Cases and may be applied to any postpetition defaults in payment to the Utility Providers.  The Adequate Assurance Deposit, in conjunction with the Debtors' cash flow from operations and cash on hand, demonstrates the Debtors' ability to pay for future Utility Services in accordance with prepetition practice (collectively, the "Proposed Adequate Assurance") and constitutes sufficient adequate assurance to the Utility Providers in full satisfaction of section 366 of the Bankruptcy Code.

### III.      The Adequate Assurance Procedures

13.      Any Utility Provider that is not satisfied with the Proposed Adequate Assurance may make a request for additional or different adequate assurance of future payment (each, an "Adequate Assurance Request") pursuant to the adequate assurance procedures set forth in the Order attached hereto as **Exhibit B** (the "Adequate Assurance Procedures").  The Adequate Assurance Procedures are a streamlined process for Utility Providers to address potential concerns with respect to the Proposed Adequate Assurance, while also allowing the Debtors to continue their business operations uninterrupted.  The Adequate Assurance Procedures permit a Utility Provider to object to the Proposed Adequate Assurance by filing and serving an Adequate Assurance Request upon the Notice Parties (as defined in the Order).  The Debtors, in their discretion, may then resolve any Adequate Assurance Request by mutual agreement with the Utility Provider and without further order of the Court.  If the Debtors determine that the Adequate Assurance Request cannot be resolved by mutual agreement, the Debtors will seek Court

resolution of the Adequate Assurance Request pursuant to Bankruptcy Rule 9019(b).  Unless and until a Utility Provider files an objection or serves an Adequate Assurance Request, such Utility Provider shall be (a) deemed to have received adequate assurance of payment "satisfactory" to such Utility Provider in compliance with section 366 of the Bankruptcy Code and (b) forbidden from (i) discontinuing, altering, or refusing services to, or discriminating against, the Debtors on account of any unpaid prepetition charges, the commencement of these Chapter 11 Cases, or any perceived inadequacy of the Proposed Adequate Assurance, and (ii) requiring additional assurance of payment other than the Proposed Adequate Assurance.

## IV.   Modifications to the Utility Services List

14.     The Debtors have made an extensive and good-faith effort to identify all Utility Providers and include them on the Utility Services List.  To the extent the Debtors subsequently identify additional Utility Providers (each, a "Subsequently Identified Utility Provider"), or discontinue Utility Services from an existing Utility Provider, the Debtors seek authority, in their sole discretion, to amend the Utility Services List to add or remove any Utility Provider.

15.     In addition, the Debtors propose that any Subsequently Identified Utility Provider has the right to object to the inclusion of such Subsequently Identified Utility Provider on the Utility Services List, in each case, within fourteen (14) days after it receives notice of this Motion and Order.  Any such objection must be actually received by the Notice Parties by the fourteen (14) day deadline.  If no objection is timely received, the Debtors propose that the provisions of the Order, apply to the Subsequently Identified Utility Provider.  Should any objection properly be made, the Debtors request that such Subsequently Identified Utility Provider making such objection be prohibited from discontinuing, altering, or refusing service to the Debtors, including as a result of unpaid charges for prepetition services, pending resolution of such objection.

Moreover, should any objection properly be made, such Subsequently Identified Utility Provider that is added to the Utility Services List shall be permitted to make an Adequate Assurance Request in accordance with the Adequate Assurance Procedures set forth herein.

16.     The Debtors further request that any entered order relating to the Motion be binding on all Utility Providers, regardless of when any particular Utility Provider was added to the Utility Services List, *provided*, however, that if the Debtors supplement the Utility Services List subsequent to the entry of an order granting this Motion, the Debtors will promptly augment the Adequate Assurance Deposit to include an amount the Debtors estimate in good faith to equal an average of one-half (1/2) of one month of Utility Services.  Moreover, if the Debtors remove any Utility Provider from the Utility Services Lists, the Debtors will provide such Utility Provider with seven (7) days' notice of such removal and, absent a response thereto, reduce the amount of the Adequate Assurance Deposit to the extent that it includes an amount for such removed Utility Provider.

**V.     Prohibition on Altering, Refusing, or Discontinuing Service**

17.     The Debtors request that all Utility Providers, including Subsequently Identified Utility Providers added to the Utility Services List, be prohibited from altering, refusing, or discontinuing any Utility Services to the Debtors absent further order of the Court.

<u>**BASIS FOR RELIEF**</u>

18.     Section 366 of the Bankruptcy Code protects a debtor against the immediate termination or alteration of utility services after the Petition Date.  *See* 11 U.S.C. § 366. Section 366(c) of the Bankruptcy Code requires the debtor to provide "adequate assurance" of payment for postpetition services in a form "satisfactory" to the utility provider within thirty (30) days of the petition date, or the utility provider may alter, refuse, or discontinue service. 11 U.S.C. § 366(c)(2).  Section 366(c)(1) of the Bankruptcy Code provides a non-exhaustive list of examples

for what constitutes "assurance of payment."  Although assurance of payment must be "adequate," it is not a guarantee of payment.  *See In re Cont'l Common, Inc.*, No. 10-37542, 2011 U.S. Dist. LEXIS 171531, at *18 (N.D. Tex. Feb. 14, 2011) ("Section 366 requires a determination that a utility is not subject to unreasonable risk of nonpayment, but does not require a guarantee of payment.").

19.     When considering whether a given assurance of payment is "adequate," the Court should examine the totality of the circumstances to make an informed decision as to whether the Utility Provider will be subject to an unreasonable risk of nonpayment.  *See, e.g.*, *In re Keydata Corp.*, 12 B.R. 156, 158 (B.A.P. 1st Cir. 1981) (citing *In re Cunha*, 1 B.R. 330 (Bankr. E.D. Va. 1979)).  In determining the level of adequate assurance, however, "a bankruptcy court must focus upon the need of the utility for assurance, and . . . require that the debtor supply no more than that, since the debtor almost perforce has a conflicting need to conserve scarce financial resources."  *Va. Elec. & Power Co. v. Caldor, Inc.-N.Y.*, 117 F.3d 646, 650 (2d Cir. 1997) (internal quotations omitted) (citing *In re Penn Jersey Corp.*, 72 B.R. 981, 985 (Bankr. E.D. Pa. 1987) (abrogated on other grounds by *In re LEASE-A-FLEET, INC.*, 131 B.R. 945 (Bankr. E.D. Pa. 1991)).

20.     Further, the Court possesses the power, under section 105(a) of the Bankruptcy Code, to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  The Adequate Assurance Procedures and the Proposed Adequate Assurance are necessary and appropriate to carry out the provisions of the Bankruptcy Code, particularly section 366 thereof.

21.     Termination of the Utility Services could result in the Debtors' inability to operate their businesses to the detriment of all stakeholders.  *In re Pilgrim's Pride Corp.*, No. 08-45664

(DML), 2009 Bankr. LEXIS 2, at *6 (Bankr. N.D. Tex. Jan. 4, 2009) ("The consequences of an unexpected termination of utility service to [the debtors] could be catastrophic."); *see also In re Monroe Well Serv., Inc.*, 83 B.R. 317, 321–22 (Bankr. E.D. Pa. 1988) (noting that without utility service the debtors "would have to cease operations" and that section 366 of the Bankruptcy Code "was intended to limit the leverage held by utility companies, not increase it").  Here, the Utility Providers are adequately assured against any risk of nonpayment for future services.   The Debtors have a history of paying all utility bills on time and in the ordinary course.   The Adequate Assurance Deposit and the Debtors' ongoing ability to meet obligations as they come due in the ordinary course provide assurance that the Debtors will pay their future obligations to the Utility Providers.

22.     Courts are permitted to fashion reasonable procedures, such as the Adequate Assurance Procedures proposed herein, to implement the protections afforded under section 366 of the Bankruptcy Code.  *See, e.g.*, *In re Circuit City Stores Inc.*, No. 08-35653, 2009 Bankr. LEXIS 237, at *16–17 (Bankr. E.D. Va. Jan. 14, 2009) (stating that "the plain language of § 366 of the Bankruptcy Code allows the Court to adopt the Procedures set forth in the [u]tility [o]rder"). Such procedures are important because, without them, the Debtors "could be forced to address numerous requests by utility companies in an unorganized manner at a critical period in their efforts to reorganize."  *Id*.  Notwithstanding a determination that the Proposed Adequate Assurance constitutes sufficient adequate assurance, any rights the Utility Providers believe they have under sections 366(b) and 366(c)(2) of the Bankruptcy Code are wholly preserved under the Adequate Assurance Procedures.  *See id.* at *5–6; *supra* ¶ 13.   The Utility Providers still may choose, in accordance with the Adequate Assurance Procedures, to request modification of the Proposed Adequate Assurance.  *Supra* ¶ 13.  The Adequate Assurance Procedures avoid a haphazard and

chaotic process whereby each Utility Provider could make an extortionate, last-minute demand for adequate assurance that would force the Debtors to pay under the threat of losing critical Utility Services. *See In re Circuit City Stores Inc.* at *16–17.

23.     The Adequate Assurance Procedures are reasonable and in accord with the purposes of section 366 of the Bankruptcy Code.  The Court should exercise its power under sections 105(a) and 366 of the Bankruptcy Code and approve both the Adequate Assurance Procedures and the Proposed Adequate Assurance.

## EMERGENCY CONSIDERATION

24.     The Debtors request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which allows this Court to grant relief within the first twenty-one (21) days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm."  An immediate and orderly transition into chapter 11 is critical to the viability of the Debtors' operations, and any delay in granting the relief requested could jeopardize the Debtors' ability to restructure.  The Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and request that the Court approve the relief requested in this Motion on an emergency basis in order to preserve the ongoing value of the Debtors' estates.

## WAIVER OF BANKRUPTCY RULE 6004(a) AND 6004(h)

25.     To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

## RESERVATION OF RIGHTS

26.     Nothing contained herein or any actions taken pursuant to such relief requested is intended or shall be construed as (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a waiver of any claims or causes of action which may exist against any creditor or interest holder; (f) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; (h) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance of property of the Debtors' estates; or (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.  If the Court grants the relief sought herein, any payment made pursuant to an order of the Court is not intended and should not be construed as an admission as to the validity or priority of any claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

## NOTICE

27.     The Debtors will provide notice of this Motion to:  (a) the Office of the United States Trustee for the Southern District of Texas; (b) the holders of the 30 largest unsecured claims

against the Debtors (on a consolidated basis); (c) the Prepetition First Lien Lender and Prepetition First Lien Agent (each as defined in the DIP Motion);[4] (d) the DIP Lender and DIP Agent (each as defined in the DIP Motion); (e)  the Office of the United States Attorney for the Southern District of Texas; (f) the state attorneys general for states in which the Debtors conduct business; (g) the Internal Revenue Service; (h) the United States Securities and Exchange Commission; (i) the Environmental Protection Agency and similar state environmental agencies for states in which the Debtors conduct business; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In view of the nature of the relief requested, the Debtors respectfully submit that no other or further notice need be provided.

[*Remainder of Page Intentionally Left Blank*]

---

[4]  "DIP Motion" means the *Debtors' Emergency Motion for the Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Senior Secured Superpriority Postpetition Financing and (B) Utilize Cash Collateral of the Prepetition First Lien Secured Parties, (II) Granting Adequate Protection to the Prepetition First Lien Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief*, filed contemporaneously herewith.

The Debtors respectfully request entry of the Order, granting the relief requested in this Motion and such other and further relief as the Court deems appropriate under the circumstances.

Dated: May 9, 2022
Houston, Texas

/s/  *James Grogan*

**PAUL HASTINGS LLP**
James Grogan (TX Bar No. 24027354)
600 Travis Street, 58th Floor
Houston, Texas 77002
Telephone:  (713) 860-7300
Facsimile:  (713) 353-3100
Email: jamesgrogan@paulhastings.com

-and-

Justin Rawlins (*pro hac vice* admission pending)
1999 Avenue of the Stars, 27th Floor
Century City, California 90067
Telephone:  (310) 620-5700
Facsimile:  (310) 620-5899
Email:  justinrawlins@paulhastings.com

-and-

Matthew Micheli (*pro hac vice* admission pending)
Matthew Smart (*pro hac vice* admission pending)
Michael Jones (*pro hac vice* admission pending)
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
Telephone:  (312) 499-6000
Facsimile:  (312) 499-6100
Email:  mattmicheli@paulhastings.com
            matthewsmart@paulhastings.com
            michaeljones@paulhastings.com

*Proposed Counsel to the Debtors and Debtors in Possession*

## **Certificate of Accuracy**

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

_/s/ James Grogan_
James Grogan

## **Certificate of Service**

I certify that on May 9, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

_/s/ James Grogan_
James Grogan

**<u>Exhibit A</u>**

**Proposed Order**

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CYPRESS ENVIRONMENTAL PARTNERS, L.P., *et al.*,[1] | ) Case No. 22-90039 (MI) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) **Re: Docket No. ___** |

## ORDER (I) DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, (II) PROHIBITING UTILITIES FROM DISCONTINUING SERVICE, (III) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT, AND (IV) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), pursuant to section 105(a) and 366 of the Bankruptcy Code and Bankruptcy Rules 6003(b) and 6004, (a) determining that the Proposed Adequate Assurance provides the Utility Providers with adequate assurance of payment within the meaning of section 366 of the Bankruptcy Code, (b) prohibiting the Utility Providers from altering, refusing, or discontinuing services, (c) approving the Debtors' Adequate Assurance Procedures for resolving Adequate Assurance Requests, and (d) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Cypress Environmental Partners, L.P. (1523); Cypress Municipal Water Services, LLC (5974); Cypress Environmental Partners, LLC (7385); Cypress Brown Integrity, LLC (3455); Cypress Energy Partners - 1804 SWD, LLC (9110); Cypress Energy Partners - Bakken, LLC (9092); Cypress Energy Partners - Grassy Butte SWD, LLC (9047); Cypress Energy Partners - Green River SWD, LLC (1534); Cypress Energy Partners - Manning SWD, LLC (4247); Cypress Energy Partners - Mork SWD, LLC (0761); Cypress Energy Partners - Mountrail SWD, LLC (4977); Cypress Energy Partners - Tioga SWD, LLC (3230); Cypress Energy Partners - Williams SWD, LLC (3840); Cypress Environmental - PUC, LLC (8637); Cypress Environmental Management - TIR, LLC (5803); Cypress Environmental Management, LLC (4753); Cypress Environmental Services, LLC (7770); Tulsa Inspection Resources - PUC, LLC (2514); and Tulsa Inspection Resources, LLC (4632).  The Debtors' service address for the purposes of these chapter 11 cases is 5727 South Lewis Avenue, Suite 300, Tulsa, Oklahoma 74105.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C.

§ 157(b)(2); and that this Court may enter a final order consistent with Article III of the United

States Constitution; and this Court having found that venue of this proceeding and the Motion in

this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper

notice of the Motion having been provided under the circumstances and in accordance with the

Bankruptcy Rules and the Bankruptcy Local Rules, and it appearing that no other or further notice

need be provided; and a hearing having been held to consider the relief requested in the Motion

(the "Hearing"); and upon consideration of the First Day Declaration and the record of the Hearing

and all of the proceedings had before the Court; and this Court having found and determined that

the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors,

their stakeholders, and all other parties in interest, and that the legal and factual bases set forth in

the Motion and at the Hearing establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1. The Debtors shall cause a copy of the Motion and this Order to be served on each Utility Provider listed on the Utility Services List no later than three (3) business days after the date this Order is entered.

2. The Debtors are authorized to cause the Adequate Assurance Deposit to be held in the Adequate Assurance Account during the pendency of these Chapter 11 Cases.

3. The Adequate Assurance Deposit shall be deposited into the Adequate Assurance Account within ten (10) business days of the entry of this Order, or as soon thereafter as is reasonably practicable.

4. The Adequate Assurance Deposit, together with the Debtors' ability to pay for future utility services in the ordinary course of business subject to the Adequate Assurance

Procedures, shall constitute adequate assurance of future payment as required by section 366 of the Bankruptcy Code.

5.　　Pursuant to the terms of this Order and the Adequate Assurance Procedures, upon an undisputed postpetition default, each Utility Provider may be entitled to the funds in the Adequate Assurance Account in the amount set forth for such Utility Provider in the column labeled "Proposed Adequate Assurance" on the Utility Services List attached to the Motion as Exhibit B and as may be modified in accordance with this Order.

6.　　The following "Adequate Assurance Procedures" are hereby approved:

      a.　　Any Utility Provider desiring additional or different adequate assurances of payment in the form of deposits, prepayments, or otherwise must serve a request for additional or different assurance (an "Adequate Assurance Request") on the Notice Parties (defined below). An Adequate Assurance Request may be made at any time.

      b.　　Any Adequate Assurance Request must (i) be in writing, (ii) identify the location for which the Utility Services are provided, (iii) summarize the Debtors' payment history relevant to the affected account(s), including any security deposits, and (iv) explain why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

      c.　　The Adequate Assurance Request must be delivered to the following: (i) proposed counsel to the Debtors, (a) Paul Hastings LLP, 600 Travis Street, 58th Floor, Houston, Texas 77002, Attn: James Grogan, (b) Paul Hastings LLP, 1999 Avenue of the Stars, 27th Floor, Century City, California 90067, Attn: Justin Rawlins, and (c) Paul Hastings LLP, 71 South Wacker Drive, Suite 4500, Chicago, Illinois 60606, Attn: Matthew Micheli, Matthew Smart, and Michael Jones; (ii) counsel to the Prepetition Lender/Agent and DIP Lender/Agent, Frederic Dorwart, Lawyers PLLC, 124 East Fourth Street, Tulsa, OK 74103, Attn: Samuel Ory; (iii) the Office of the United States Trustee, 515 Rusk Street, Suite 3516, Houston, Texas 77002, Attn: Stephen Statham; and (iv) counsel for the official committee of unsecured creditors (if any) appointed in these Chapter 11 Cases (collectively, the "Notice Parties").

d.      The Debtors may, in their sole discretion, without further order from the Court, resolve any Adequate Assurance Request by mutual agreement with a Utility Provider, and the Debtors may, in connection with any such agreement, provide a Utility Provider with additional adequate assurance of payment, including, but not limited to, cash deposits, prepayments, or other forms of security if the Debtors believe that such adequate assurance is reasonable, subject to the terms of any collateral or other financing order entered by the Court; *provided, however,* that the Debtors shall maintain a summary record of such agreements and their respective terms, and such summary record and the agreements themselves shall be available to any official committee appointed in these cases, the U.S. Trustee, and the Prepetition Lender/Agent and DIP Lender/Agent upon request.

e.      If the Debtors and the Utility Provider are not able to reach an alternative resolution within thirty (30) days of receipt of the Adequate Assurance Request, the Debtors or the Utility Provider may request a hearing before the Court to determine the adequacy of assurances of payment with respect to a particular Utility Provider (the "Determination Hearing") pursuant to section 366(c)(3) of the Bankruptcy Code.  Pending resolution of any such Determination Hearing, the Utility Provider filing such Adequate Assurance Request shall be prohibited from altering, refusing, or discontinuing Utility Services to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

f.      If an amount relating to Utility Services provided postpetition by a Utility Provider is unpaid and remains unpaid beyond any applicable grace period, such Utility Provider may request a disbursement from the Adequate Assurance Account by giving notice to the Notice Parties. The Debtors shall honor such request within seven (7) business days after the date the request is received by the Debtors, subject to the ability of the Debtors and any such requesting Utility Provider to resolve any dispute regarding such request without further order of the Court.  To the extent a Utility Provider receives a disbursement from the Adequate Assurance Account, the Debtors shall replenish the Adequate Assurance Account in the amount disbursed.

g.      The portion of the Adequate Assurance Deposit attributable to each Utility Provider shall be returned to the Debtors on the earlier of (i) reconciliation and payment by the Debtors of the Utility Provider's final invoice in accordance with applicable non-bankruptcy law following the Debtors' termination of Utility Services from such Utility Provider and (ii) the effective date of any chapter 11 plan confirmed in these Chapter 11 Cases.

7.      The Debtors are authorized, in their sole discretion, to amend the Utility Services List attached to the Motion as Exhibit B to add or delete any Utility Provider, and such amendment shall be accomplished by filing with this Court a notice and serving the same on the affected Utility Provider.  For Utility Providers that are added to the Utility Service List, the Debtors shall cause a copy of this Order, including the Adequate Assurance Procedures, to be served on such subsequently added Utility Provider within three business days.  Upon such amendment, any Subsequently Identified Utility Provider that is added to the Utility Services List has the right to object to such inclusion within fourteen (14) days after it receives notice of the Motion and Order. If no objection is timely received, the provisions of the Order apply to the Subsequently Identified Utility Provider.  Should any objection properly be made, such Subsequently Identified Utility Provider that is added to the Utility Services List shall be permitted to make an Adequate Assurance Request in accordance with the Adequate Assurance Procedures set forth herein.

8.      If the Debtors add any Utility Provider to the Utility Services List, the Debtors shall increase the amount of the Adequate Assurance Deposit by depositing into the Adequate Assurance Account an amount the Debtors estimate in good faith to equal an average of one half (1/2) of one month of Utility Services.  If the Debtors remove any Utility Provider from the Utility Services List, the Debtors may reduce the amount of the Adequate Assurance Deposit to the extent that it includes an amount for such removed Utility Provider; *provided* that the Debtors shall

provide at least seven (7) days' notice to any Utility Provider prior to removal and shall only reduce the Adequate Assurance Deposit absent a response from any such Utility Provider

9.     The Debtors shall not add any Utility Providers to the Utility Service List after thirty days from the Petition Date.

10.     The Utility Providers, including Utility Providers that are subsequently added, are prohibited from requiring additional Adequate Assurance of payment other than pursuant to the Adequate Assurance Procedures.

11.     Unless and until a Utility Provider, including any Utility Provider that is subsequently added, files or serves an Adequate Assurance Request, as set forth in the Adequate Assurance Procedures, the Utility Provider shall be (a) deemed to have received adequate assurance of payment "satisfactory" to such Utility Provider in compliance with section 366 of the Bankruptcy Code and (b) forbidden from (i) discontinuing, altering, or refusing services to, or discriminating against, the Debtors on account of any unpaid prepetition charges, the commencement of these Chapter 11 Cases, or any perceived inadequacy of the Proposed Adequate Assurance, and (ii) requiring additional assurance of payment other than the Proposed Adequate Assurance.

12.     The Adequate Assurance Procedures set forth herein are for all Utility Providers providing Utility Services to the Debtors and are not limited to those parties or entities listed on the Utility Services List.

13.     Neither the listing of the Utility Providers on the Utility Services List nor the Debtors' service of the Motion upon the Utility Providers shall constitute an admission or concession that any such entity is a "utility" within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve all rights and defenses with respect thereto.

14.     Notwithstanding anything contained in the Motion or this Order, any payment to be made, and any relief or authorization granted herein, shall be subject to, and must be in compliance with, the terms and conditions in any interim or final order entered by the Court approving the Debtors' entry into any postpetition debtor-in-possession financing facility and/or authorizing the Debtors' use of cash collateral, including any budget in connection therewith (as may be updated and approved from time to time in accordance with the terms of any such interim or final order) (each such order, a "DIP Order").  To the extent there is any inconsistency between the terms of a DIP Order and any action taken or proposed to be taken hereunder, the terms of the DIP Order shall control.

15.     The Debtors' banks and financial institutions shall be, and hereby are, authorized, when requested by the Debtors in their sole discretion, to process, honor, pay, and, if necessary, reissue any and all checks, including prepetition checks that the Debtors reissue postpetition, and electronic fund transfers drawn on the Debtors' bank accounts relating to the Utility Providers, whether such checks were presented or funds transfer requests were submitted prior to or subsequent to the Petition Date, provided that sufficient funds are available in the applicable accounts to make the payments.

16.     Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an

administrative expense claim or other priority claim; (e) a waiver of any claims or causes of action which may exist against any creditor or interest holder; (f) a request to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; (h) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance of property of the Debtors' estates; or (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

17.     The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these Chapter 11 Cases with respect to prepetition amounts, if any, owed in connection with the relief granted herein.

18.     Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

19.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

20.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

21.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the enforcement of this Order.

Dated: _____, 2022
        Houston, Texas

_____
THE HONORABLE MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE

## Exhibit B

**Utilities Services List**

| Utility Company | Service Address | Service(s) Provided | Account Number | Half of Monthly Expenditure | Prepetition Deposit | Proposed Adequate Assurance |
|---|---|---|---|---|---|---|
| 8x8 Inc | 5727 S Lewis Ave Tulsa OK 74105 | Corp Phone (Telecom system) | QB0545552990619 | $ 1,750 | $ - | $ 1,750 |
| | 650 N Sam Houston Pkwy E, Suite 445 Houston, TX 77060 | | | | | |
| ACC Business | 5727 S Lewis Ave Tulsa OK 74105 | Internet | 500000001270 | $ 205 | $ - | $ 205 |
| AT&T (Firstnet) | N/A | Cell Phone | 287304672931 | $ 238 | $ - | $ 238 |
| Bergers Sanitation Service | 1496 HWY 22 Manning ND 58642 | Septic Tank | N/A | $ 300 | $ - | $ 300 |
| Circle Sanitation Services | 10798 HWY 2 Tioga ND 58852 | Waste | COM00516 | $ 48 | $ - | $ 48 |
| Consolidated Telecom | 1496 HWY 22 Manning ND 58642 | Internet | 4555900 | $ 35 | $ - | $ 35 |
| Cox Communications | 5727 S Lewis Ave Tulsa OK 74105 | Telephone and Internet | 001 6311 002292803 | $ 238 | $ - | $ 238 |
| Gustafson Septic Service | 5402 92nd Ave NW Ross, ND 58776 | Septic Tank | N/A | $ 200 | $ - | $ 200 |
| McKenzie Electric Cooperative | 13053 22nd Street NW Arnegard ND 58835 | Electricity | 246077 | $ 4,000 | $ - | $ 4,000 |
| | 651 HWY 85 N Grassy Butte ND 58634 | | | | | |
| MGM Rural Sanitation | 2710 HWY 85 SW Belfield ND 58601 | Waste | 168800 | $ 113 | $ - | $ 113 |
| Mountrail-Williams Electric Cooperative | 5835 135th Ave NW Williston ND 58801 | Electricity | 21608001 | $ 11,250 | $ - | $ 11,250 |
| | 10798 HWY 2 Tioga ND 58852 | | | | | |
| | 5702 Highway 8 Stanley ND 58784 | | | | | |
| | 5402 92nd Ave NW Ross, ND 58776 | | | | | |
| Northwest Communications Coop ("NCC") | 10798 HWY 2 Tioga ND 58852 | Telephone and Internet | 2049000 | $ 110 | $ - | $ 110 |
| R&T Water Supply Assn. | 10798 HWY 2 Tioga ND 58852 | Water | 0100000661002 | $ 55 | $ - | $ 55 |
| Reservation Telephone Cooperative | 13053 22nd Street NW Arnegard ND 58835 | Telephone and Internet | 2516600 | $ 153 | $ - | $ 153 |

1

| Utility Company | Service Address | Service(s) Provided | Account Number | Half of Monthly Expenditure | Prepetition Deposit | Proposed Adequate Assurance |
|---|---|---|---|---|---|---|
| Roughrider Electric Cooperative | 2710 HWY 85 SW Belfield ND 58601 | Electricity | 119841001 | $ 7,000 | $ - | $ 7,000 |
| | 1496 HWY 22 Manning ND 5864 | | | | | |
| Southwest Water Authority | 1496 HWY 22 Manning ND 58642 | Water | CYPR001 | $ 48 | $ - | $ 48 |
| United Quality Cooperative | 5402 92nd Ave NW Ross, ND 58776 | Propane/Heating | 629378 | $ 1,250 | $ - | $ 1,250 |
| | 5835 135th Ave NW Williston ND 58801 | | | | | |
| | 10798 HWY 2 Tioga ND 58852 | | | | | |
| | 651 HWY 85 N Grassy Butte ND 58634 | | | | | |
| | 13053 22nd Street NW Arnegard ND 58835 | | | | | |
| | 5702 Highway 8 Stanley ND 58784 | | | | | |
| | 1496 HWY 22 Manning ND 58642 | | | | | |
| | 2710 HWY 85 SW Belfield ND 58601 | | | | | |
| Verizon Wireless | N/A | Cell Phone | 242080933-00001 | $ 450 | $ - | $ 450 |
| Logix Fiber Networks | 650 N Sam Houston Pkwy E - Suite 445 Houston, TX 77060 | Internet | 43807203 | $ 488 | $ - | $ 488 |