UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CYPRESS ENVIRONMENTAL PARTNERS, L.P., *et al.*,[1] | ) Case No. 22-90039 (MI) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**NOTICE OF FILING OF REVISED
PROPOSED ORDER FOR ENTRY OF AN ORDER (I) AUTHORIZING
DEBTORS TO (A) CONTINUE INSURANCE PROGRAM AND
PERFORMANCE BOND PROGRAM AND (B) PAY ALL OBLIGATIONS
WITH RESPECT THERETO; AND (II) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE THAT:**

1. On May 9, 2022, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the *Debtors' Emergency Motion for Entry of an Order (I) Authorizing Debtors to (A) Continue Insurance Program and Performance bond Program and (B) Pay All Obligations with Respect Thereto; and (II) Granting Related Relief* [Docket No. 9] (the "Insurance and Performance Bond Motion").

2. Attached to the Insurance and Performance Bond Motion as Exhibit A was a proposed form of order (the "Initial Proposed Order").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Cypress Environmental Partners, L.P. (1523); Cypress Municipal Water Services, LLC (5974); Cypress Environmental Partners, LLC (7385); Cypress Brown Integrity, LLC (3455); Cypress Energy Partners - 1804 SWD, LLC (9110); Cypress Energy Partners - Bakken, LLC (9092); Cypress Energy Partners - Grassy Butte SWD, LLC (9047); Cypress Energy Partners - Green River SWD, LLC (1534); Cypress Energy Partners - Manning SWD, LLC (4247); Cypress Energy Partners - Mork SWD, LLC (0761); Cypress Energy Partners - Mountrail SWD, LLC (4977); Cypress Energy Partners - Tioga SWD, LLC (3230); Cypress Energy Partners - Williams SWD, LLC (3840); Cypress Environmental - PUC, LLC (8637); Cypress Environmental Management - TIR, LLC (5803); Cypress Environmental Management, LLC (4753); Cypress Environmental Services, LLC (7770); Tulsa Inspection Resources - PUC, LLC (2514); and Tulsa Inspection Resources, LLC (4632).  The Debtors' service address for the purposes of these chapter 11 cases is 5727 South Lewis Avenue, Suite 300, Tulsa, Oklahoma 74105.

3. The Debtors hereby file a revised proposed order seeking approval of the Insurance and Performance Bond Motion, attached hereto as **Exhibit A** (the "Revised Proposed Order"), which incorporates changes received by the Debtors from the United States Trustee.

4. A redline of the Revised Proposed Order marked against the Initial Proposed Order is attached hereto as **Exhibit B**.

[*Remainder of Page Intentionally Left Blank*]

Dated: May 9, 2022
Houston, Texas

/s/ *James T. Grogan III*
**PAUL HASTINGS LLP**
James T. Grogan III (TX Bar No. 24027354)
600 Travis Street, 58th Floor
Houston, Texas 77002
Telephone: (713) 860-7300
Facsimile: (713) 353-3100
Email: jamesgrogan@paulhastings.com

-and-

Justin Rawlins (*pro hac vice* admission pending)
1999 Avenue of the Stars, 27th Floor
Century City, California 90067
Telephone: (310) 620-5700
Facsimile: (310) 620-5899
Email: justinrawlins@paulhastings.com

-and-

Matthew Micheli (*pro hac vice* admission pending)
Matthew Smart (*pro hac vice* admission pending)
Michael Jones (*pro hac vice* admission pending)
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100
Email: mattmicheli@paulhastings.com
         matthewsmart@paulhastings.com
         michaeljones@paulhastings.com

*Proposed Counsel to the Debtors and Debtors in Possession*

**Exhibit A**

**Revised Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CYPRESS ENVIRONMENTAL PARTNERS, L.P., *et al.*,[1] | ) ) ) | Case No. 22-90039 (MI) |
| Debtors. | ) ) ) | (Joint Administration Requested)<br>**Re: Docket No. 9** |

**ORDER (I) AUTHORIZING DEBTORS TO**
**(A) CONTINUE INSURANCE PROGRAM AND**
**PERFORMANCE BOND PROGRAM AND (B) PAY ALL OBLIGATIONS**
**WITH RESPECT THERETO; AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (i) authorizing Debtors to (a) continue insurance and performance bond programs and (b) pay obligations with respect thereto, and (ii) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Cypress Environmental Partners, L.P. (1523); Cypress Municipal Water Services, LLC (5974); Cypress Environmental Partners, LLC (7385); Cypress Brown Integrity, LLC (3455); Cypress Energy Partners - 1804 SWD, LLC (9110); Cypress Energy Partners - Bakken, LLC (9092); Cypress Energy Partners - Grassy Butte SWD, LLC (9047); Cypress Energy Partners - Green River SWD, LLC (1534); Cypress Energy Partners - Manning SWD, LLC (4247); Cypress Energy Partners - Mork SWD, LLC (0761); Cypress Energy Partners - Mountrail SWD, LLC (4977); Cypress Energy Partners - Tioga SWD, LLC (3230); Cypress Energy Partners - Williams SWD, LLC (3840); Cypress Environmental - PUC, LLC (8637); Cypress Environmental Management - TIR, LLC (5803); Cypress Environmental Management, LLC (4753); Cypress Environmental Services, LLC (7770); Tulsa Inspection Resources - PUC, LLC (2514); and Tulsa Inspection Resources, LLC (4632). The Debtors' service address for the purposes of these chapter 11 cases is 5727 South Lewis Avenue, Suite 300, Tulsa, Oklahoma 74105.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Motion having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Bankruptcy Local Rules, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and upon consideration of the First Day Declaration and the record of the Hearing and all of the proceedings had before the Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and all other parties in interest, and that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1. The Debtors are authorized, but not directed, to continue their Insurance Program and Performance Bond Program, and to pay any prepetition Insurance Obligations and Performance Bond Obligations.

2. The Debtors are authorized, but not directed, to amend, extend, renew, rollover, replace, or obtain new insurance policies, premium financing arrangements, or performance bonds and to take all appropriate actions in connection therewith in the ordinary course of business; *provided*, however, the Debtors will notify the U.S. Trustee, the DIP Secured Parties, and any statutory committee appointed in these Chapter 11 Cases if the Debtors renew, amend, supplement, extend, terminate, replace, increase, or decrease existing insurance coverage and performance bond collateral or change insurance carriers, enter into any new premium financing agreements, or obtain additional insurance coverage or performance bond obligations in a manner that would be inconsistent with the Debtors' current insurance coverage and performance bond obligations.

3. The Debtors are not authorized by this Order to take any action with respect to a Performance Bond that would have the effect of transforming a prepetition undersecured or unsecured Performance Bond to a postpetition or secured obligation. Such relief may be sought by separate motion.

4. Nothing in the Motion or this Order shall be construed as prejudicing the rights of the Debtors to dispute or contest the amount or nature of or the basis for any claims against or demands made upon the Debtors in connection with or relating to the Performance Bond Program or any other related agreement, contract, or document executed in connection with the Performance Bond Program.

5. Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, any person to whom any obligations under the Insurance Program are owed.

6. Notwithstanding anything contained in the Motion or this Order, any payment to be made, and any relief or authorization granted herein, shall be subject to, and must be in compliance with, the terms and conditions in any interim or final order entered by the Court approving the Debtors' entry into any postpetition debtor in possession financing facility or authorizing the Debtors' use of cash collateral, including any budget in connection therewith (as may be updated and approved from time to time in accordance with the terms of any such interim or final order) (each such order, a "DIP Order"). To the extent there is any inconsistency between the terms of a DIP Order and any action taken or proposed to be taken hereunder, the terms of the DIP Order shall control.

7. The Debtors' banks and financial institutions shall be, and hereby are, authorized, when requested by the Debtors in their sole discretion, to process, honor, pay, and, if necessary,

reissue any and all checks, including prepetition checks that the Debtors reissue postpetition, and electronic fund transfers drawn on the Debtors' bank accounts relating to the Insurance Program and Performance Bond Program, whether such checks were presented or funds transfer requests were submitted prior to or subsequent to the Petition Date, provided that sufficient funds are available in the applicable accounts to make the payments.

8. The Debtors shall maintain a matrix/schedule of payments made pursuant to this Order, including the following information: (a) the name of the payee, (b) the date and amount of the payment, and (c) the category or type of payment. The Debtors shall provide a copy of such matrix/schedule to the U.S. Trustee and any statutory committee appointed in these Chapter 11 Cases every 30 days beginning upon entry of this Order, but need not provide such matrix during any thirty-day period in which no new payments would be reflected thereon.

9. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a waiver of any claims or causes of action which may exist against any creditor or interest holder; (f) a request to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; (h) an admission as to the validity, priority, enforceability, or perfection

of any lien on, security interest in, or other encumbrance of property of the Debtors' estates; or (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

10. The requirements set forth in Bankruptcy Local Rule 9013-1(b) are satisfied by the contents of the Motion.

11. The Court finds and determines that the requirements of Bankruptcy Rule 6003(b) are satisfied and that the relief is necessary to avoid immediate and irreparable harm.

12. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

13. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

14. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

15. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the enforcement of this Order.

Dated: _____, 2022
      Houston, Texas

                                    _____
                                    THE HONORABLE MARVIN ISGUR
                                    UNITED STATES BANKRUPTCY JUDGE

**Exhibit B**

**Redline**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CYPRESS ENVIRONMENTAL PARTNERS, L.P., *et al.*,[1] | ) | Case No. 22-90039 (MI) |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) | **Re: Docket No. —9** |

**ORDER (I) AUTHORIZING DEBTORS TO
(A) CONTINUE INSURANCE PROGRAM AND
PERFORMANCE BOND PROGRAM AND (B) PAY ALL OBLIGATIONS
WITH RESPECT THERETO; AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (i) authorizing Debtors to (a) continue insurance and performance bond programs and (b) pay obligations with respect thereto, and (ii) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Cypress Environmental Partners, L.P. (1523); Cypress Municipal Water Services, LLC (5974); Cypress Environmental Partners, LLC (7385); Cypress Brown Integrity, LLC (3455); Cypress Energy Partners - 1804 SWD, LLC (9110); Cypress Energy Partners - Bakken, LLC (9092); Cypress Energy Partners - Grassy Butte SWD, LLC (9047); Cypress Energy Partners - Green River SWD, LLC (1534); Cypress Energy Partners - Manning SWD, LLC (4247); Cypress Energy Partners - Mork SWD, LLC (0761); Cypress Energy Partners - Mountrail SWD, LLC (4977); Cypress Energy Partners - Tioga SWD, LLC (3230); Cypress Energy Partners - Williams SWD, LLC (3840); Cypress Environmental - PUC, LLC (8637); Cypress Environmental Management - TIR, LLC (5803); Cypress Environmental Management, LLC (4753); Cypress Environmental Services, LLC (7770); Tulsa Inspection Resources - PUC, LLC (2514); and Tulsa Inspection Resources, LLC (4632). The Debtors' service address for the purposes of these chapter 11 cases is 5727 South Lewis Avenue, Suite 300, Tulsa, Oklahoma 74105.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1

28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Motion having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Bankruptcy Local Rules, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and upon consideration of the First Day Declaration and the record of the Hearing and all of the proceedings had before the Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and all other parties in interest, and that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1. The Debtors are authorized, but not directed, to continue their Insurance Program and Performance Bond Program, and to pay any prepetition Insurance Obligations and Performance Bond Obligations.

2. The Debtors are authorized, but not directed, to amend, extend, renew, rollover, replace, or obtain new insurance policies, premium financing arrangements, or performance bonds and to take all appropriate actions in connection therewith in the ordinary course of business; *provided*, however, the Debtors will notify the U.S. Trustee, the DIP Secured Parties, and any statutory committee appointed in these Chapter 11 Cases if the Debtors renew, amend, supplement, extend, terminate, replace, increase, or decrease existing insurance coverage and performance bond collateral or change insurance carriers, enter into any new premium financing agreements, or obtain additional insurance coverage or performance bond obligations in a manner that would be inconsistent with the Debtors' current insurance coverage and performance bond obligations.

3. The Debtors are not authorized by this Order to take any action with respect to a Performance Bond that would have the effect of transforming a prepetition undersecured or unsecured Performance Bond to a postpetition or secured obligation. Such relief may be sought by separate motion.

4. Nothing in the Motion or this Order shall be construed as prejudicing the rights of the Debtors to dispute or contest the amount or nature of or the basis for any claims against or demands made upon the Debtors in connection with or relating to the Performance Bond Program or any other related agreement, contract, or document executed in connection with the Performance Bond Program.

5. Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, any person to whom any obligations under the Insurance Program are owed.

6. Notwithstanding anything contained in the Motion or this Order, any payment to be made, and any relief or authorization granted herein, shall be subject to, and must be in compliance with, the terms and conditions in any interim or final order entered by the Court approving the Debtors' entry into any postpetition debtor in possession financing facility or authorizing the Debtors' use of cash collateral, including any budget in connection therewith (as may be updated and approved from time to time in accordance with the terms of any such interim or final order) (each such order, a "DIP Order"). To the extent there is any inconsistency between the terms of a DIP Order and any action taken or proposed to be taken hereunder, the terms of the DIP Order shall control.

7. The Debtors' banks and financial institutions shall be, and hereby are, authorized, when requested by the Debtors in their sole discretion, to process, honor, pay, and, if

necessary, reissue any and all checks, including prepetition checks that the Debtors reissue postpetition, and electronic fund transfers drawn on the Debtors' bank accounts relating to the Insurance Program and Performance Bond Program, whether such checks were presented or funds transfer requests were submitted prior to or subsequent to the Petition Date, provided that sufficient funds are available in the applicable accounts to make the payments.

8. ~~7.~~ The Debtors shall maintain a matrix/schedule of payments made pursuant to this Order, including the following information: (a) the name of the payee, (b) the date and amount of the payment, and (c) the category or type of payment.  The Debtors shall provide a copy of such matrix/schedule to the U.S. Trustee and any statutory committee appointed in these Chapter 11 Cases every 30 days beginning upon entry of this Order, but need not provide such matrix during any thirty-day period in which no new payments would be reflected thereon.

9. ~~8.~~ Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a waiver of any claims or causes of action which may exist against any creditor or interest holder; (f) a request to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; (h) an admission as to the validity, priority, enforceability, or

perfection of any lien on, security interest in, or other encumbrance of property of the Debtors' estates; or (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

10. ~~9.~~ The requirements set forth in Bankruptcy Local Rule 9013-1(b) are satisfied by the contents of the Motion.

11. ~~10.~~ The Court finds and determines that the requirements of Bankruptcy Rule 6003(b) are satisfied and that the relief is necessary to avoid immediate and irreparable harm.

12. ~~11.~~ Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

13. ~~12.~~ Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

14. ~~13.~~ The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

15. ~~14.~~ This Court retains exclusive jurisdiction with respect to all matters arising from or related to the enforcement of this Order.

Dated: _____, 2022
      Houston, Texas

                                                                _____
                                                                THE HONORABLE MARVIN ISGUR
                                                                UNITED STATES BANKRUPTCY JUDGE