## Exhibit A

**Further Revised Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| CYPRESS ENVIRONMENTAL PARTNERS, L.P., *et al.*[1] | ) Case No. 22-90039 (MI) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) **Re: Docket No. 17** |

**ORDER**
**(I) SCHEDULING COMBINED DISCLOSURE**
**STATEMENT APPROVAL AND PLAN CONFIRMATION**
**HEARING, (II) ESTABLISHING THE PLAN AND DISCLOSURE**
**STATEMENT OBJECTION DEADLINE AND RELATED PROCEDURES,**
**(III) APPROVING PREPETITION SOLICITATION PROCEDURES, (IV) APPROVING**
**THE FORM AND MANNER OF NOTICE, (V) DIRECTING THAT A MEETING**
**OF CREDITORS NOT BE CONVENED, AND (VI) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (i) scheduling the Combined Hearing on the adequacy of the Disclosure Statement and confirmation of the Plan; (ii) establishing the Objection Deadline and approving certain related procedures; (iii) conditionally approving the Solicitation Procedures; (iv) approving the form and manner of the Combined Notice, the Notice of Non-Voting Status, and the Opt-Out Form; (v) directing that the U.S. Trustee not convene the Creditors' Meeting if the Plan is confirmed within 60 days of

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Cypress Environmental Partners, L.P. (1523); Cypress Municipal Water Services, LLC (5974); Cypress Environmental Partners, LLC (7385); Cypress Brown Integrity, LLC (3455); Cypress Energy Partners - 1804 SWD, LLC (9110); Cypress Energy Partners - Bakken, LLC (9092); Cypress Energy Partners - Grassy Butte SWD, LLC (9047); Cypress Energy Partners - Green River SWD, LLC (1534); Cypress Energy Partners - Manning SWD, LLC (4247); Cypress Energy Partners - Mork SWD, LLC (0761); Cypress Energy Partners - Mountrail SWD, LLC (4977); Cypress Energy Partners - Tioga SWD, LLC (3230); Cypress Energy Partners - Williams SWD, LLC (3840); Cypress Environmental - PUC, LLC (8637); Cypress Environmental Management - TIR, LLC (5803); Cypress Environmental Management, LLC (4753); Cypress Environmental Services, LLC (7770); Tulsa Inspection Resources - PUC, LLC (2514); and Tulsa Inspection Resources, LLC (4632).  The Debtors' service address for the purposes of these chapter 11 cases is 5727 South Lewis Avenue, Suite 300, Tulsa, Oklahoma 74105.

[2]    Capitalized terms used but not otherwise defined herein have the meanings given to such terms in the Motion.

the Petition Date; and (vi) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Motion having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Bankruptcy Local Rules, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and upon consideration of the First Day Declaration and the record of the Hearing and all of the proceedings had before the Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and all other parties in interest, and that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1.      The Combined Hearing (at which time this Court will consider, among other things, the adequacy of the Disclosure Statement and confirmation of the Plan) shall be held before this Court on June 21, 2022, at 2:30 p.m. (prevailing Central Time).  The Combined Hearing may be continued from time to time by this Court without further notice other than adjournments announced in open court or in the filing of a notice or a hearing agenda in the Chapter 11 Cases, and notice of such adjourned date(s) will be available on the electronic case docket.

2.      The schedule set forth below relating to confirmation of the Plan is hereby approved in its entirety, and this Court hereby finds the following schedule of events is consistent with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules:

| Event | Date |
| --- | --- |
| Voting Record Date | May 8, 2022 |
| Commencement of Solicitation | May 8, 2022 |
| Voting Deadline | May 8, 2022, at 8:00 p.m. (prevailing Central Time) |
| Petition Date | May 8, 2022 |
| Opt-Out Record Date | May 10, 2022 |
| Mailing of Notice | May 16, 2022 |
| Plan Supplement Deadline | June 3, 2022 |
| Objection Deadline | June 13, 2022, at 4:00 p.m. (prevailing Central Time) |
| Opt-Out Deadline | June 13, 2022, at 4:00 p.m. (prevailing Central Time) |
| Voting Declaration Deadline | June 16, 2022 |
| Reply Deadline | June 16, 2022 |
| Confirmation Order Deadline | June 16, 2022 |
| Confirmation Brief Deadline | June 16, 2022 |
| Combined Hearing | June 21, 2022, at 2:30 p.m. (prevailing Central Time) |

3.      The Debtors are authorized to combine the notice of the Combined Hearing and the Objection Deadlines (and related procedures) with the notice of commencement of the Chapter 11 Cases.

4.      The Debtors shall file with this Court the Plan Supplement on or before June 3, 2022.

5.      Any responses or objections to the adequacy of the Disclosure Statement or confirmation of the Plan must: (i) be in writing, (ii) conform to the applicable Bankruptcy Rules, the Local Rules, and any orders of this Court; (iii) state, with particularity, the legal and factual

3

basis for the objection, and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (iv) be filed with this Court, together with a proof of service, no later than **4:00 p.m. (prevailing Central Time) on June 13, 2022** (the "Objection Deadline").  In addition to being filed with this Court, any such response or objection must also be served on the notice parties by the Objection Deadline. **Any objections not timely filed and served in the manner set forth in this Order may, in this Court's discretion, not be considered and may be overruled**.

6.     The Debtors shall, on or before June 16, 2022, file with this Court (i) the Voting Declaration, (ii) any replies in support of the Disclosure Statement or the Plan, (iii) the Confirmation Order, and (iv) the Confirmation Brief.

7.     The Solicitation Procedures used by the Debtors for distribution of the Solicitation Package as set forth in the Motion in soliciting acceptances and rejections of the Plan are conditionally determined to satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules and are conditionally approved pending final approval through the Confirmation Order at the Combined Hearing.

8.     The Ballot, in substantially the form attached to the Motion as **Exhibit B** is conditionally approved pending final approval through the Confirmation Order at the Combined Hearing.

9.     The Tabulation Procedures used for the tabulation of votes to accept or reject the Plan as set forth in the Motion and as described in the Solicitation Package are conditionally approved pending final approval through the Confirmation Order at the Combined Hearing.

10.     The Solicitation Procedures used by the Debtors with respect to the Non-Voting Classes as set forth in the Motion are conditionally determined to satisfy the requirements of the

Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and are conditionally approved, pending final approval through the Confirmation Order at the Combined Hearing, including the distribution and form of the Notice of Non-Voting Status together with the applicable Opt-Out Form, substantially in the forms attached hereto as **<u>Exhibit 2</u>**.

11.     The Debtors are not required to provide Solicitation Packages to holders of Claims or Interest in the Non-Voting Classes, as such holders are not entitled to vote on the Plan. Instead, on or before the Solicitation Deadline, the Solicitation Agent shall mail the Combined Notice and Notice of Non-Voting Status together with the applicable Opt-Out Form to holders of Claims and Interests in the Non-Voting Classes as of the Opt-Out Record Date.  Notwithstanding anything to the contrary herein, the Debtors are not required to send the Notice of Non-Voting Status to holders of Claims and Interests in Class 6 (Intercompany Claims), Class 7 (Intercompany Interests), and Class 9 (Section 510(b) Claims).  The requirements under the Bankruptcy Rules or the Local Rules, including Bankruptcy Rule 3017(d), to transmit copies of the Disclosure Statement and Plan to Non-Voting Classes are hereby waived with respect to the Non-Voting Classes.

12.     The Combined Notice as proposed in the Motion, substantially in the form attached hereto as **<u>Exhibit 1</u>**, shall be deemed good and sufficient notice of the Combined Hearing and no further notice need be given.  The Debtors shall cause the Solicitation Agent to mail a copy of the Combined Notice to the parties set forth in the Motion no later than May 16, 2022, or as soon as reasonably possible thereafter.  The notice procedures set forth in this paragraph constitute good and sufficient notice of the commencement of the Chapter 11 Cases, the Combined Hearing, the Objection Deadline, and procedures for objecting to the adequacy of the Disclosure Statement and confirmation of the Plan.

13.     The Creditors' Meeting shall be waived unless the Plan is not confirmed on or before June 22, 2022, without prejudice to the Debtors' right to request further extension thereof. Such a request may be submitted to the Court pursuant to an agreed order between the Debtors, the U.S. Trustee, and any statutory committee appointed in these Chapter 11 Cases filed under a certification of counsel.  To the extent the Creditors' Meeting will be convened, the Debtors shall serve notice of the Creditors' Meeting on the parties entitled to notice pursuant to the Bankruptcy Rules not less than twenty-one days before the date scheduled for such meeting.

14.     The requirements set forth in Bankruptcy Local Rule 9013-1(b) are satisfied by the contents of the Motion.

15.     The Court finds and determines that the requirements of Bankruptcy Rule 6003(b) are satisfied and that the relief is necessary to avoid immediate and irreparable harm.

16.     Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

17.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

18.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

19.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the enforcement of this Order.

Dated: _____, 2022
          Houston, Texas

_____
THE HONORABLE MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE

## Exhibit 1

**Form of Combined Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CYPRESS ENVIRONMENTAL PARTNERS, L.P., *et al.*[1] | ) | Case No. 22-90039 (MI) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF (I) COMMENCEMENT OF PREPACKAGED
CHAPTER 11 BANKRUPTCY CASE, (II) COMBINED HEARING
ON DISCLOSURE STATEMENT APPROVAL, PLAN CONFIRMATION,
AND RELATED MATTERS, (III) OBJECTION DEADLINE AND RELATED
PROCEDURES, AND (IV) SUMMARY OF THE PLAN OF REORGANIZATION**

> **PLEASE BE ADVISED THAT ARTICLE X OF THE PLAN CONTAINS CERTAIN DISCHARGE, RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, INCLUDING THOSE SET FORTH BELOW.   YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE DISCHARGE, RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS SET FORTH IN ARTICLE X OF THE PLAN, AS YOUR RIGHTS MIGHT BE AFFECTED.**

**PLEASE TAKE NOTICE** that, on May 8, 2022 (the "Petition Date"), each of the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed with the United States Bankruptcy Court for the Southern District of Texas (the "Court") a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") commencing the above-captioned chapter 11 cases.  Subsequently, the Debtors filed the *Joint Prepackaged Chapter 11 Plan of Reorganization of Cypress Environmental Partners, L.P. and Its Debtors Affiliates* (as may be amended from time to time, the "Plan") and a proposed *Disclosure Statement for the Joint Prepackaged Chapter 11 Plan of Reorganization of Cypress*

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Cypress Environmental Partners, L.P. (1523); Cypress Municipal Water Services, LLC (5974); Cypress Environmental Partners, LLC (7385); Cypress Brown Integrity, LLC (3455); Cypress Energy Partners - 1804 SWD, LLC (9110); Cypress Energy Partners - Bakken, LLC (9092); Cypress Energy Partners - Grassy Butte SWD, LLC (9047); Cypress Energy Partners - Green River SWD, LLC (1534); Cypress Energy Partners - Manning SWD, LLC (4247); Cypress Energy Partners - Mork SWD, LLC (0761); Cypress Energy Partners - Mountrail SWD, LLC (4977); Cypress Energy Partners - Tioga SWD, LLC (3230); Cypress Energy Partners - Williams SWD, LLC (3840); Cypress Environmental - PUC, LLC (8637); Cypress Environmental Management - TIR, LLC (5803); Cypress Environmental Management, LLC (4753); Cypress Environmental Services, LLC (7770); Tulsa Inspection Resources - PUC, LLC (2514); and Tulsa Inspection Resources, LLC (4632).  The Debtors' service address for the purposes of these chapter 11 cases is 5727 South Lewis Avenue, Suite 300, Tulsa, Oklahoma 74105.

*Environmental Partners, L.P. and Its Debtors Affiliates* (the "Disclosure Statement") pursuant to sections 1125 and 1126(b) of the Bankruptcy Code.  Copies of the Plan and the Disclosure Statement may be obtained free of charge upon request of the Debtors' proposed solicitation agent, Kurtzman Carson Consultants LLC, by calling (866) 967-1785 (U.S./Canada) or (310) 751-2685 (International), or sending an electronic mail message to cypressinfo@kccllc.com with "Cypress" in the subject line, and are on file with the Clerk of the Bankruptcy Court, 515 Rusk Street, Houston, Texas 77002.  The Plan and the Disclosure Statement also are available for inspection on the Court's website at www.deb.uscourts.gov or free of charge on the Debtors' restructuring website at https://www.kccllc.net/cypress.

The Plan is a "prepackaged" plan of reorganization agreed to by the Debtors and the parties to the Restructuring Support Agreement,[2] a copy of which is attached to the Disclosure Statement as Exhibit B.  The primary features of the Plan are as follows:

- the Prepetition First Lien Lenders and DIP Lender will receive their pro rata allocation of 100 percent of the New Interests (subject to potential dilution by the Management Incentive Plan) in full satisfaction of the Prepetition First Lien Credit Agreement Claims and DIP Claims;

- upon emergence, the Commitment Party will provide funding to the Reorganized Debtor necessary to fund the operations of the Reorganized Debtors through (i) an equity investment or (ii) debt financing;

- all Trade Claims will be paid in full in Cash on the Effective Date or in the ordinary course of business;

- all General Unsecured Claims will be discharged and extinguished, and the holders thereof will receive no recovery under the Plan on account of such Claims;

- all existing Interests in CELP will be extinguished; and

- any executory contract or unexpired lease not assumed under the Plan shall be deemed rejected as of the Effective Date.

*Holders of the Prepetition First Lien Credit Agreement Claims, the only Class of Creditors entitled to vote on the Plan, voted to accept the Plan.*  The Debtors believe that any valid alternative to Confirmation of the Plan could result in significant delays, litigation, and additional costs, and, ultimately, would jeopardize recoveries for holders of Allowed Claims.

---

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Plan or Disclosure Statement, as applicable.  The statements contained herein are summaries of the provisions contained in the Plan and the Disclosure Statement and do not purport to be precise or complete statements of all the terms and provisions of the Plan or documents referred therein.  To the extent there is a discrepancy between the terms set forth herein and the terms of the Plan or the Disclosure Statement, the Plan, or the Disclosure Statement, as applicable, shall govern and control.  For a more detailed description of the Plan, please refer to the Disclosure Statement.

### Objections to the Plan or Disclosure Statement

Any objections (each, an "Objection") to the Plan or the Disclosure Statement must: (i) be in writing; (ii) comply with the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Texas; and (iii) state, with particularity, the legal and factual basis for the objection, and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such Objection.

Objections must be filed with the Court and served upon the following parties (collectively, the "Notice Parties") no later than **4:00 p.m. (prevailing Central Time) on June 13, 2022**: (i) the Debtors, 5727 South Lewis Avenue, Suite 300, Tulsa, Oklahoma 74105, Attn: Peter Boylan; (ii) proposed counsel for the Debtors, Paul Hastings LLP, 600 Travis Street, 58th Floor, Houston, Texas 77002, Attn: James Grogan (jamesgrogan@paulhastings.com), Paul Hastings LLP, 1999 Avenue of the Stars, 27th Floor, Century City, California 90067, Attn: Justin Rawlins (justinrawlins@paulhastings.com), Paul Hastings LLP, 71 South Wacker Drive, Suite 4500, Chicago, Illinois 60606, Attn: Matthew Micheli (mattmicheli@paulhastings.com), Matthew Smart (matthewsmart@paulhastings.com), and Mike Jones (michaeljones@paulhastings.com); (iii) counsel to the Prepetition First Lien Lender, Frederic Dorwart, Lawyers PLLC, 124 East Fourth Street, Tulsa, Oklahoma 74103, Attn: Samuel Ory (sory@fdlaw.com); (iv) the Office of the United States Trustee for the Southern District of Texas, 515 Rusk, Suite 3516, Houston, Texas 77002, Attn: Stephen Statham (Stephan.statham@usdoj.gov) and Alicia Barcomb (Alicia.barcomb@usdoj.gov); and (v) those parties who have filed a notice of appearance in the Chapter 11 Cases.

> **UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE IT MAY NOT BE CONSIDERED BY THE COURT.**

### Hearing on Confirmation of the Plan, the Adequacy of the Disclosure Statement, and Related Matters

The hearing (the "Combined Hearing") will be held before the Honorable Marvin Isgur, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of Texas, 515 Rusk Street, Houston, Texas 77002, on **June 21, 2022, at 2:30 p.m. (prevailing Central Time)** to consider the adequacy of the Disclosure Statement, Confirmation of the Plan, any Objections to any of the foregoing, and any other matter that may properly come before the Court. Please be advised that the Combined Hearing may be continued from time to time by the Court or the Debtors without further notice other than by such adjournment being announced in open court or by a notice of adjournment or hearing agenda filed with the Court.

### Summary of Plan Treatment and Expected Recoveries

The following chart summarizes the treatment provided by the Plan to each class of Claims and Interests in the Debtors, and indicates the voting status of each class.

| Class | Claim or Interest | Voting Rights | Treatment |
|-------|-------------------|---------------|-----------|
| 1 | Other Priority Claims | Unimpaired | Paid in full in Cash/Reinstated |
| 2 | Other Secured Claims | Unimpaired | Paid in full in Cash/Reinstated/ Collateral Returned |
| 3 | Prepetition First Lien Credit Agreement Claims | Impaired | New Interests |
| 4 | Trade Claims | Unimpaired | Paid in full in Cash/Reinstated |
| 5 | General Unsecured Claims | Impaired | Extinguished with No Recovery |
| 6 | Intercompany Claims | Unimpaired / Impaired | Reinstated/Released with No Recovery |
| 7 | Intercompany Interests | Unimpaired / Impaired | Reinstated/Released with No Recovery |
| 8 | Interests in CELP | Impaired | Extinguished with No Recovery |
| 9 | Section 510(b) Claims | Impaired | Reinstated/Released with No Recovery |

## <u>Discharge, Injunctions, Exculpation, and Release</u>

Please be advised that the Plan contains certain discharge, release, exculpation, and injunction provisions as follows:[3]

**A.      Relevant Definitions**

"***Debtor Release***" **means the releases set forth in Section 10.4 of the Plan.**

"***Exculpated Parties***" **means collectively, in each case in its capacity as such:  (a) the Debtors; (b) the Reorganized Debtors; (c) the Supporting Party, (d) the Committee, if any, and its members in their capacities as members thereof; and (e) with respect to each of the foregoing entities in clauses (a) through (d), such entity's Related Parties.**

"***Related Parties***" **means, with respect to an entity, such entity and its current and former affiliates, and such entities' and their current and former affiliates' current and former directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, participants, successors, and assigns, subsidiaries, affiliates, managed accounts or funds, and each of their respective current and former equity holders, officers, directors, managers, principals, shareholders, members, management companies, fund advisors, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals.**

"***Released Parties***" **means, collectively, in each case in its capacity as such:  (a) the Debtors;  (b)  the  Reorganized  Debtors;  (c)  the  Prepetition  First  Lien  Lenders;  (d)  the**

---

[3]      The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights.

Prepetition First Lien Agent; (e) the DIP Lender; (f) the DIP Agent; (g) the Supporting Party, and (h) with respect to each of the foregoing entities in clauses (a) through (g), such entity's Related Parties; provided that an entity shall not be a Released Party if it (x) elects to opt out of the Third-Party Release contained in the Plan or (y) timely objects to the Third-Party Release contained in the Plan and such objection is not resolved before Confirmation of the Plan.

"*Releasing Parties*" means, collectively, in each case in its capacity as such: (a) the Debtors; (b) the Reorganized Debtors; (c) the Prepetition First Lien Lenders; (d) the Prepetition First Lien Agent; (e) the DIP Lender; (f) the DIP Agent; (g) the Supporting Party, (h) all Holders of Interests; (i) all Holders of Claims; and (j) with respect to each of the foregoing entities in clauses (a) through (i), such entity's Related Parties; provided that an entity shall not be a Releasing Party if it (x) elects to opt out of the Third-Party Release contained in the Plan or (y) timely objects to the Third-Party Release contained in the Plan and such objection is not resolved before Confirmation of the Plan.

"*Third-Party Release*" means the releases set forth in Section 10.5 of the Plan.

B.     **Discharge of Claims and Termination of Interests**

Pursuant to section 1141(d) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan, the Confirmation Order, or in any contract, instrument, or other agreement or document created or entered into pursuant to the Plan, the distributions, rights, and treatment that are provided in the Plan shall be in complete satisfaction, discharge, and release, effective as of the Effective Date, of Claims (including any Intercompany Claims resolved or compromised after the Effective Date by the Reorganized Debtors), Interests, and Causes of Action of any nature whatsoever, including any interest accrued on Claims or Interests from and after the Petition Date, whether known or unknown, against, liabilities of, Liens on, obligations of, rights against, and Interests in, the Debtors or any of their assets or properties, regardless of whether any property shall have been distributed or retained pursuant to the Plan on account of such Claims or Interests, including demands, liabilities, and Causes of Action that arose before the Effective Date, any liability (including withdrawal liability) to the extent such Claims or Interests relate to services performed by employees of the Debtors prior to the Effective Date and that arise from a termination of employment, any contingent or non-contingent liability on account of representations or warranties issued on or before the Effective Date, and all debts of the kind specified in sections 502(g), 502(h), or 502(i) of the Bankruptcy Code, in each case whether or not: (1) a Proof of Claim based upon such debt or right is Filed or deemed Filed pursuant to section 501 of the Bankruptcy Code; (2) a Claim or Interest based upon such debt, right, or Interest is Allowed pursuant to section 502 of the Bankruptcy Code; or (3) the Holder of such a Claim or Interest has accepted the Plan. The Confirmation Order shall be a judicial determination of the discharge of all Claims and Interests subject to the occurrence of the Effective Date.

**C.      Discharge Injunction**

As of the Effective Date, except as otherwise expressly provided in the Plan or the Confirmation Order, all Entities (other than holders of Reinstated Claims solely in their capacities as such) shall be precluded from asserting against the Debtors or the Reorganized Debtors and their respective assets and property or the Estates, any other or further Claims (other than those Reinstated under the Plan), or any other obligations, suits, judgments, damages, debts, rights, remedies, causes of action or liabilities of any nature whatsoever, relating to the Debtors or Reorganized Debtors or any of their respective assets and property or the Estates, based upon any act, omission, transaction or other activity of any nature that occurred prior to the Effective Date.  In accordance with the foregoing, except as expressly provided in the Plan or the Confirmation Order, the Confirmation Order shall constitute a judicial determination, as of the Effective Date, of the discharge of all non-Reinstated Claims or other obligations, suits, judgments, damages, debts, rights, remedies, causes of action or liabilities, pursuant to sections 524 and 1141 of the Bankruptcy Code, and such discharge shall void and extinguish any judgment obtained against the Debtors, the Reorganized Debtors, or their respective assets, property and Estates at any time, to the extent such judgment is related to a discharged Claim, debt or liability.  Except as otherwise specifically provided in the Plan or the Confirmation Order, all Persons or Entities who have held, hold or may hold Claims or Interests that arose prior to the Effective Date and all other parties-in-interest, along with their respective present or former employees, agents, officers, directors, principals, representatives and Affiliates, are permanently enjoined, from and after the Effective Date, from (i) commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Claim (including a Section 510(b) Claim) against or Interest in the Reorganized Debtors or property of the Reorganized Debtors, other than to enforce any right to a distribution pursuant to the Plan, (ii) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or order against the Reorganized Debtors or property of the Reorganized Debtors, other than to enforce any right to a distribution pursuant to the Plan, (iii) creating, perfecting or enforcing any Lien or encumbrance of any kind against the Reorganized Debtors or against the property or interests in property of the Reorganized Debtors, other than to enforce any right to a distribution pursuant to the Plan or (iv) asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from the Reorganized Debtors or against the property or interests in property of the Reorganized Debtors, with respect to any such Claim or Interest.  Such injunction shall extend to any successors or assignees of the Reorganized Debtors and their respective properties and interest in properties.  For the avoidance of doubt, the provisions of <u>Section 10.2.2</u> of the Plan shall not apply with respect to Claims that are Reinstated under the Plan, including, without limitation, the Prepetition First Lien Credit Agreement Claims.

**D.      Release of Liens**

Except as otherwise provided in the Plan, the Confirmation Order, or any contract, instrument, release, or other agreement or document created pursuant to the Plan, on the Effective Date and concurrently with the applicable distributions made pursuant to the Plan and, in the case of a Secured Claim, satisfaction in full of the portion of the Secured

Claim that is Allowed as of the Effective Date, except for Other Secured Claims that the Debtors elect to reinstate in accordance with <u>Section 3.2.2</u> of the Plan, all mortgages, deeds of trust, Liens, pledges, or other security interests against any property of the Estates shall be fully released and discharged, and all of the right, title, and interest of any Holder of such mortgages, deeds of trust, Liens, pledges, or other security interests shall revert to the Reorganized Debtors and their successors and assigns. Any Holder of such Secured Claim (and the applicable agents for such Holder) shall be authorized and directed, at the sole cost and expense of the Reorganized Debtors, to release any collateral or other property of any Debtor (including any cash collateral and possessory collateral) held by such Holder (and the applicable agents for such Holder), and to take such actions as may be reasonably requested by the Reorganized Debtors to evidence the release of such Lien, including the execution, delivery, and filing or recording of such releases. The presentation or filing of the Confirmation Order to or with any federal, state, provincial, or local agency or department shall constitute good and sufficient evidence of, but shall not be required to effect, the termination of such Liens.

E.     **Releases by the Debtors**

As of the Effective Date, each Released Party will be deemed released and discharged by each and all of the Debtors, the Reorganized Debtors, and their Estates, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other entities who may purport to assert any cause of action, directly or derivatively, by, through, for, or because of the foregoing entities, from any and all claims, obligations, rights, suits, damages, causes of action, remedies, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of any of the Debtors, the Reorganized Debtors, or their Estates, as applicable, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that the Debtors, the Reorganized Debtors, or their Estates or Affiliates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any claim against, or interest in, the Debtors or other entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any claim or interest that is treated in the Plan, the business or contractual arrangements between the Debtors and any Released Party, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, filing, or consummation of the Disclosure Statement, the DIP Credit Agreement, the Plan, the Restructuring Support Agreement, or any other restructuring transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Disclosure Statement, the DIP Credit Agreement, or the Plan, the filing of the Chapter 11 Cases, the pursuit of confirmation of the Plan, the pursuit of consummation of the Plan, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date; *provided* that any right to enforce the Plan and Confirmation Order is not so released by this section.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Debtor Release, which includes by reference each of the related provisions and definitions contained herein, and further, shall constitute the Bankruptcy Court's finding that the Debtor Release is: (a) in exchange for the good and valuable consideration provided by the Released Parties; (b) a good-faith settlement and compromise of the Claims released by the Debtor Release; (c) in the best interests of the Debtors and all holders of Claims and Interests; (d) fair, equitable, and reasonable; (e) given and made after due notice and opportunity for hearing; and (f) a bar to any of the Debtors, the Reorganized Debtors, or the Estates asserting any claim or Cause of Action released pursuant to the Debtor Release.

F.      **Releases by Holders of Claims and Interests**

As of the Effective Date, each of the Releasing Parties shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever, released and discharged the Debtors, Reorganized Debtors, and each Released Party from any and all claims, interests, obligations, rights, suits, damages, causes of action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, including any derivative claims, asserted or assertable on behalf of any of the Debtors, the Reorganized Debtors, or their Estates, that such entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any claim or interest that is treated in the Plan, the business or contractual arrangements between any Debtors and any Released Party, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, filing, or consummation of the Disclosure Statement, the DIP Credit Agreement, the Plan, the Restructuring Support Agreement, or any restructuring transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Disclosure Statement, the DIP Credit Agreement, or the Plan, the filing of the Chapter 11 Cases, the pursuit of confirmation, the pursuit of consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date; *provided* that any right to enforce the Plan and Confirmation Order is not so released by this section.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third-Party Release, which includes by reference each of the related provisions and definitions contained herein, and further, shall constitute the Bankruptcy Court's finding that the Third-Party Release is: (a) consensual; (b) essential to the confirmation of the Plan; (c) given in exchange for the good and valuable consideration provided by the Released Parties; (d) a good-faith settlement and compromise of the Claims released by the Third-Party Release; (e) in the best interests of the Debtors and their Estates; (f) fair, equitable, and reasonable; (g) given and made after

due notice and opportunity for hearing; and (h) a bar to any of the Releasing Parties asserting any claim or Cause of Action released pursuant to the Third-Party Release.

G.     **Exculpation**

From and after the Effective Date, the Exculpated Parties shall neither have nor incur any liability to, or be subject to any right of action by, any holder of a Claim or an Interest, or any other party in interest, or any of their respective employees, representatives, financial advisors, attorneys, or agents acting in such capacity, or Affiliates, or any of their successors or assigns, for any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, formulating, negotiating, or implementing the Plan, the Plan Supplement, the Disclosure Statement, the Restructuring Support Agreement, the solicitation of acceptances of the Plan, Confirmation, and the pursuit thereof, the consummation of the Plan, the administration of the Plan, the property to be distributed under the Plan, or any other act taken or omitted to be taken in connection with or in contemplation of the Chapter 11 Cases or implementation of the Plan.

Notwithstanding the foregoing, solely to the extent provided by section 1125(e) of the Bankruptcy Code, the Debtors and the Reorganized Debtors shall neither have, nor incur any liability to any Entity for any exculpated Claim; *provided, however*, that the foregoing "Exculpation" shall have no effect on the liability of any Entity that results from any such act or omission that is determined in a Final Order to have constituted fraud, willful misconduct or gross negligence.

Any of the Exculpated Parties shall be entitled to rely, in all respects, upon the advice of counsel with respect to their duties and responsibilities under the Plan.

H.     **Injunctions Related to Exculpation and Releases**

(a)     Except as expressly provided in the Plan or the Confirmation Order, as of the Effective Date, all Persons and Entities that hold, have held, or may hold a Claim or any other obligation, suit, judgment, damages, debt, right, remedy, Cause of Action, or liability of any nature whatsoever, of the types described in <u>Section 10.6</u> of the Plan and relating to the Debtors, the Reorganized Debtors or any of their respective assets and property and/or the Estates, are, and shall be, permanently, forever and completely stayed, restrained, prohibited, barred, and enjoined from taking any of the following actions against any Exculpated Party or its property on account of such released liabilities, whether directly or indirectly, derivatively or otherwise, on account of or based on the subject matter of such discharged Claims or other obligations, suits, judgments, damages, debts, rights, remedies, causes of action, or liabilities:  (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding (including, without limitation, any judicial, arbitral, administrative or other proceeding) in any forum; (ii) enforcing, attaching, collecting, or in any way seeking to recover any judgment, award, decree, or other order; (iii) creating, perfecting, or in any way enforcing in any matter, directly or indirectly, any Lien; (iv) setting off, seeking reimbursement or contributions from, or subrogation against, or otherwise recouping in any manner, directly or indirectly, any

9

amount against any liability or obligation that is discharged under <u>Section 10.2</u> of the Plan; and/or (v) commencing or continuing in any manner any judicial, arbitration or administrative proceeding in any forum, that does not comply with or is inconsistent with the provisions of the Plan or the Confirmation Order.

(b)      Except as expressly provided in the Plan or the Confirmation Order, as of the Effective Date, all Persons and Entities that hold, have held, or may hold a Claim or any other obligation, suit, judgment, damages, debt, right, remedy, Cause of Action, or liability of any nature whatsoever, of the types described in <u>Section 10.5</u> of the Plan and relating to the Debtors, the Reorganized Debtors or any of their respective assets and property and/or the Estates, the Chapter 11 Cases, the Plan, the Plan Supplement, and/or the Disclosure Statement are, and shall be, permanently, forever and completely stayed, restrained, prohibited, barred and enjoined from taking any of the following actions against any Released Party or its property on account of such released liabilities, whether directly or indirectly, derivatively or otherwise, on account of or based on the subject matter of such discharged Claims or other obligations, suits, judgments, damages, debts, rights, remedies, causes of action or liabilities:  (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding (including, without limitation, any judicial, arbitral, administrative or other proceeding) in any forum; (ii) enforcing, attaching (including, without limitation, any prejudgment attachment), collecting, or in any way seeking to recover any judgment, award, decree, or other order; (iii) creating, perfecting, or in any way enforcing in any matter, directly or indirectly, any Lien; (iv) setting off, seeking reimbursement or contributions from, or subrogation against, or otherwise recouping in any manner, directly or indirectly, any amount against any liability or obligation that is discharged under <u>Section 10.2</u> of the Plan; and/or (v) commencing or continuing in any manner any judicial, arbitration or administrative proceeding in any forum, that does not comply with or is inconsistent with the provisions of the Plan or the Confirmation Order.

<u>**SECTION 341 MEETING**</u>

A meeting of creditors pursuant to section 341(a) of the Bankruptcy Code (the "<u>Creditors' Meeting</u>") has been deferred.  The Creditors' Meeting will not be convened if the Plan is confirmed by June 22, 2022.  If the Creditors' Meeting is to be convened, the Debtors will serve on the parties entitled to notice pursuant to the Bankruptcy Rules, and post on the website at www.kccllc.net/cypress, not less than twenty-one days before the date scheduled for such meeting, a notice of, among other things, the date, time, and place of the Creditors' Meeting.

[*Remainder of Page Intentionally Left Blank*]

Dated:  May 11, 2022
Houston, Texas

/s/ *DRAFT*

**PAUL HASTINGS LLP**
James T. Grogan III (TX Bar No. 24027354)
600 Travis Street, 58th Floor
Houston, Texas 77002
Telephone:  (713) 860-7300
Facsimile:  (713) 353-3100
Email: jamesgrogan@paulhastings.com

-and-

Justin Rawlins (*pro hac vice* admission pending)
1999 Avenue of the Stars, 27th Floor
Century City, California 90067
Telephone:  (310) 620-5700
Facsimile:  (310) 620-5899
Email:  justinrawlins@paulhastings.com

-and-

Matthew Micheli (*pro hac vice* admission pending)
Matthew Smart (*pro hac vice* admission pending)
Michael Jones (*pro hac vice* admission pending)
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
Telephone:  (312) 499-6000
Facsimile:  (312) 499-6100
Email:  mattmicheli@paulhastings.com
         matthewsmart@paulhastings.com
         michaeljones@paulhastings.com

*Proposed Counsel to the Debtors and Debtors in Possession*

11

## **Exhibit 2**

**Form of Notice of Non-Voting Status**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CYPRESS ENVIRONMENTAL PARTNERS, L.P., et al.[1] | ) | Case No. 22-90039 (MI) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF NON-VOTING STATUS AND OPT-OUT**
**OPPORTUNITY FOR HOLDERS OF CLAIMS AND HOLDERS OF INTERESTS**

    **PLEASE TAKE NOTICE** that, on May 8, 2022 (the "Petition Date"), each of the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed with the United States Bankruptcy Court for the Southern District of Texas (the "Court") a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") commencing the above-captioned chapter 11 cases.  Subsequently, the Debtors filed the *Joint Prepackaged Chapter 11 Plan of Reorganization of Cypress Environmental Partners, L.P. and Its Debtors Affiliates* (as may be amended from time to time, the "Plan") and a proposed *Disclosure Statement for the Joint Prepackaged Chapter 11 Plan of Reorganization of Cypress Environmental Partners, L.P. and Its Debtors Affiliates* (the "Disclosure Statement")[2] pursuant to sections 1125 and 1126(b) of chapter 11 of the Bankruptcy Code.  Copies of the Plan and the Disclosure Statement may be obtained free of charge upon request of the Debtors' proposed solicitation agent, Kurtzman Carson Consultants LLC (the "Solicitation Agent"), by calling (866) 967-1785 (U.S./Canada) or (310) 751-2685 (International), or sending an electronic mail message to cypressinfo@kccllc.com with "Cypress" in the subject line, and are on file with the Clerk of the Bankruptcy Court, 515 Rusk Street, Houston, Texas 77002.  The Plan and the Disclosure

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Cypress Environmental Partners, L.P. (1523); Cypress Municipal Water Services, LLC (5974); Cypress Environmental Partners, LLC (7385); Cypress Brown Integrity, LLC (3455); Cypress Energy Partners - 1804 SWD, LLC (9110); Cypress Energy Partners - Bakken, LLC (9092); Cypress Energy Partners - Grassy Butte SWD, LLC (9047); Cypress Energy Partners - Green River SWD, LLC (1534); Cypress Energy Partners - Manning SWD, LLC (4247); Cypress Energy Partners - Mork SWD, LLC (0761); Cypress Energy Partners - Mountrail SWD, LLC (4977); Cypress Energy Partners - Tioga SWD, LLC (3230); Cypress Energy Partners - Williams SWD, LLC (3840); Cypress Environmental - PUC, LLC (8637); Cypress Environmental Management - TIR, LLC (5803); Cypress Environmental Management, LLC (4753); Cypress Environmental Services, LLC (7770); Tulsa Inspection Resources - PUC, LLC (2514); and Tulsa Inspection Resources, LLC (4632).  The Debtors' service address for the purposes of these chapter 11 cases is 5727 South Lewis Avenue, Suite 300, Tulsa, Oklahoma 74105.

[2]   Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.  In the event that the statements contained herein conflict with the statements in the Plan or Disclosure Statement, the statements in the Plan and the Disclosure Statement (as applicable) will govern and control to the extent of such conflict.

Statement also are available for inspection on the Court's website at www.deb.uscourts.gov or free of charge on the Debtors' restructuring website at https://www.kccllc.net/cypress.

You are receiving this notice (this "Notice") because, according to the Debtors' books and records, you are a holder of (i) a Claim against the Debtors or (ii) Interests in Cypress Environmental Partners, L.P. ("CELP"), as of May 10, 2022 (the "Opt-Out Record Date"). Pursuant to the terms of the Plan, you are not entitled to vote to accept or reject the Plan.

The Plan contains certain discharge, release, exculpation, and injunction provisions, including a third-party release contained in Article 10.5 of the Plan (the "Third-Party Release"). Holders of Claims and holders of Interests are deemed to grant the Third-Party Release set forth in the Plan and copied below unless a Holder affirmatively opts out of the Third-Party Release on or before **June 13, 2022, at 4:00 p.m., prevailing Central Time** (the "Opt-Out Deadline").

**THE OPT-OUT FORM ATTACHED HERETO PROVIDES YOU WITH THE OPTION TO NOT GRANT THE VOLUNTARY RELEASE CONTAINED IN ARTICLE 10.5 OF THE PLAN. YOU WILL RECEIVE THE SAME RECOVERY AND TREATMENT ON ACCOUNT OF YOUR INTEREST UNDER THE PLAN REGARDLESS OF WHETHER YOU ELECT TO NOT GRANT THE VOLUNTARY RELEASE CONTAINED IN ARTICLE 10.5 OF THE PLAN.**

**IF YOU ELECT TO NOT GRANT THE VOLUNTARY RELEASE CONTAINED IN ARTICLE 10.5 OF THE PLAN, HOWEVER, YOU WILL NOT BE A "RELEASED PARTY" WITH RESPECT TO THE VOLUNTARY THIRD-PARTY RELEASE BY NON-DEBTOR RELEASING PARTIES.**

If you choose to opt out of the Third-Party Release, you must submit your election to opt-out on or prior to the Opt-Out Deadline through one of the following methods:  (i) completing, signing, and returning the Opt-Out Form via first class mail, overnight courier, or hand delivery to Cypress Ballot Processing Center, c/o KCC, 222 N. Pacific Coast Highway, Suite 300, El Segundo, California 90245, so that it is actually received by the Solicitation Agent[3]; or (b) by completing, signing, and returning the Opt-Out Form via email by emailing cypressinfo@kccllc.com with "Cypress" in the subject line.

<u>Relevant Provisions of the Plan</u>

A.     **Definitions**

"*Related Parties*" means, with respect to an entity, such entity and its current and former affiliates, and such entities' and their current and former affiliates' current and former directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, participants, successors, and assigns, subsidiaries, affiliates, managed accounts or funds, and each of their respective current and former equity

---

[3]   Holders of equity who hold their equity position through a bank, broker or other nominee or an agent of a bank, broker, or other nominee (each of the foregoing, a "Nominee") should follow the instructions on the Opt-Out Form, or otherwise instructed by their Nominee to validly submit their Opt-Out Form.

holders, officers, directors, managers, principals, shareholders, members, management companies, fund advisors, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals.

"*Released Parties*" means, collectively, in each case in its capacity as such: (a) the Debtors; (b) the Reorganized Debtors; (c) the Prepetition First Lien Lenders; (d) the Prepetition First Lien Agent; (e) the DIP Lender; (f) the DIP Agent; (g) the Supporting Party, and (h) with respect to each of the foregoing entities in clauses (a) through (g), such entity's Related Parties; provided that an entity shall not be a Released Party if it (x) elects to opt out of the Third-Party Release contained in the Plan or (y) timely objects to the Third-Party Release contained in the Plan and such objection is not resolved before Confirmation of the Plan.

"*Releasing Parties*" means, collectively, in each case in its capacity as such: (a) the Debtors; (b) the Reorganized Debtors; (c) the Prepetition First Lien Lenders; (d) the Prepetition First Lien Agent; (e) the DIP Lender; (f) the DIP Agent; (g) the Supporting Party, (h) all Holders of Interests; (i) all Holders of Claims; and (j) with respect to each of the foregoing entities in clauses (a) through (i), such entity's Related Parties; provided that an entity shall not be a Releasing Party if it (x) elects to opt out of the Third-Party Release contained in the Plan or (y) timely objects to the Third-Party Release contained in the Plan and such objection is not resolved before Confirmation of the Plan.

"*Third-Party Release*" means the releases set forth in Section 10.5 of the Plan.

B.     Releases by Holders of Claims and Interests

As of the Effective Date, each of the Releasing Parties shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever, released and discharged the Debtors, Reorganized Debtors, and each Released Party from any and all claims, interests, obligations, rights, suits, damages, causes of action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, including any derivative claims, asserted or assertable on behalf of any of the Debtors, the Reorganized Debtors, or their Estates, that such entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any claim or interest that is treated in the Plan, the business or contractual arrangements between any Debtors and any Released Party, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, filing, or consummation of the Disclosure Statement, the DIP Credit Agreement, the Plan, the Restructuring Support Agreement, or any restructuring transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Disclosure Statement, the DIP Credit Agreement, or the Plan, the filing of the Chapter 11 Cases, the pursuit of confirmation, the pursuit of consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the

3

**Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date;** *provided* **that any right to enforce the Plan and Confirmation Order is not so released by this section.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third-Party Release, which includes by reference each of the related provisions and definitions contained herein, and further, shall constitute the Bankruptcy Court's finding that the Third-Party Release is:  (a) consensual; (b) essential to the confirmation of the Plan; (c) given in exchange for the good and valuable consideration provided by the Released Parties; (d) a good-faith settlement and compromise of the Claims released by the Third-Party Release; (e) in the best interests of the Debtors and their Estates; (f) fair, equitable, and reasonable; (g) given and made after due notice and opportunity for hearing; and (h) a bar to any of the Releasing Parties asserting any claim or Cause of Action released pursuant to the Third-Party Release.**

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES AND TO PROVIDE YOU WITH THE ATTACHED OPT-OUT FORM WITH RESPECT TO THE THIRD-PARTY RELEASE INCLUDED IN THE PLAN.  IF YOU HAVE QUESTIONS REGARDING YOUR RIGHTS UNDER THE PLAN OR ANYTHING STATED HEREIN OR THEREIN, YOU MAY CONTACT THE SOLICITATION AGENT OR DEBTORS' COUNSEL AT THE ADDRESSES PROVIDED BELOW.**

[*Remainder of Page Intentionally Left Blank*]

Dated:  May 11, 2022
Houston, Texas

/s/ *DRAFT*

**PAUL HASTINGS LLP**
James Grogan (TX Bar No. 24027354)
600 Travis Street, 58th Floor
Houston, Texas 77002
Telephone:  (713) 860-7300
Facsimile:  (713) 353-3100
Email: jamesgrogan@paulhastings.com

-and-

Justin Rawlins (*pro hac vice* admission pending)
1999 Avenue of the Stars, 27th Floor
Century City, California 90067
Telephone:  (310) 620-5700
Facsimile:  (310) 620-5899
Email:  justinrawlins@paulhastings.com

-and-

Matthew Micheli (*pro hac vice* admission pending)
Matthew Smart (*pro hac vice* admission pending)
Michael Jones (*pro hac vice* admission pending)
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
Telephone:  (312) 499-6000
Facsimile:  (312) 499-6100
Email:  mattmicheli@paulhastings.com
        matthewsmart@paulhastings.com
        michaeljones@paulhastings.com

*Proposed Counsel to the Debtors and Debtors in Possession*

**Opt-Out Form: Holders of Claims and Holders Registered Interests**

**Opt-Out Form For**
**Holders of Claims and Holders of Registered Interests**

PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS OPT-OUT FORM CAREFULLY <u>BEFORE</u> COMPLETING THIS OPT-OUT FORM.

**UNLESS YOU CHECK THE BOX ON THIS OPT-OUT FORM BELOW AND FOLLOW ALL INSTRUCTIONS, YOU WILL BE HELD TO FOREVER RELEASE THE RELEASED PARTIES IN ACCORDANCE WITH THE PLAN.**

**THIS OPT-OUT FORM MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE <u>ACTUALLY</u> <u>RECEIVED</u> BY KURTZMAN CARSON CONSULTANTS LLC (THE "<u>SOLICITATION AGENT</u>") ON OR BEFORE 4:00 P.M. PREVAILING CENTRAL TIME ON JUNE 13, 2022 (THE "<u>OPT-OUT DEADLINE</u>").**

This Opt-Out Form may not be used for any purpose other than opting out of the Third-Party Release contained in the Plan.  If you believe you have received this Opt-Out Form in error, or if you believe that you have received the wrong opt out form, please contact the Solicitation Agent <u>immediately</u> by calling (866) 967-1785 (U.S./Canada) or (310) 751-2685 (International), or sending an electronic mail message to cypressinfo@kccllc.com with "Cypress" in the subject line.

Before completing this Opt-Out Form, please read and follow the enclosed "Instructions for Completing this Opt-Out Form" carefully to ensure that you complete, execute and return this Opt-Out Form properly.

<u>**Item 1**</u>. **Optional Third-Party Release Election.**

AS A HOLDER OF A CLAIM OR INTEREST, YOU ARE A "RELEASING PARTY" UNDER THE PLAN AND ARE DEEMED TO PROVIDE THE THIRD-PARTY RELEASE CONTAINED IN ARTICLE 10.5 OF THE PLAN, AS SET FORTH BELOW. YOU MAY CHECK THE BOX BELOW TO ELECT NOT TO GRANT THE RELEASE CONTAINED IN ARTICLE 10.5 OF THE PLAN. YOU WILL NOT BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN ONLY IF YOU CHECK THE BOX BELOW AND SUBMIT THE OPT-OUT FORM BY THE OPT-OUT DEADLINE. THE ELECTION TO WITHHOLD CONSENT TO GRANT THE THIRD-PARTY RELEASE IS AT YOUR OPTION.

☐ **By checking this box, you elect to opt <u>out</u> of the Third-Party Release.**

**Article 10.5 of the Plan contains the following Third-Party Release:**

**As of the Effective Date, each of the Releasing Parties shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever, released and discharged the Debtors, Reorganized Debtors, and each Released Party from any and all claims, interests, obligations, rights, suits, damages, causes of action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, including any derivative claims, asserted or assertable on behalf of any of the Debtors, the Reorganized Debtors, or their Estates, that such entity would have been legally entitled to assert (whether individually or collectively), based on or**

1

relating to, or in any manner arising from, in whole or in part, the Debtors, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any claim or interest that is treated in the Plan, the business or contractual arrangements between any Debtors and any Released Party, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, filing, or consummation of the Disclosure Statement, the DIP Credit Agreement, the Plan, the Restructuring Support Agreement, or any restructuring transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Disclosure Statement, the DIP Credit Agreement, or the Plan, the filing of the Chapter 11 Cases, the pursuit of confirmation, the pursuit of consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date; *provided* that any right to enforce the Plan and Confirmation Order is not so released by this section.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third-Party Release, which includes by reference each of the related provisions and definitions contained herein, and further, shall constitute the Bankruptcy Court's finding that the Third-Party Release is: (a) consensual; (b) essential to the confirmation of the Plan; (c) given in exchange for the good and valuable consideration provided by the Released Parties; (d) a good-faith settlement and compromise of the Claims released by the Third-Party Release; (e) in the best interests of the Debtors and their Estates; (f) fair, equitable, and reasonable; (g) given and made after due notice and opportunity for hearing; and (h) a bar to any of the Releasing Parties asserting any claim or Cause of Action released pursuant to the Third-Party Release.

Definitions related to the Third-Party Release:

"*Related Parties*" means, with respect to an entity, such entity and its current and former affiliates, and such entities' and their current and former affiliates' current and former directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, participants, successors, and assigns, subsidiaries, affiliates, managed accounts or funds, and each of their respective current and former equity holders, officers, directors, managers, principals, shareholders, members, management companies, fund advisors, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals.

"*Released Parties*" means, collectively, in each case in its capacity as such: (a) the Debtors; (b) the Reorganized Debtors; (c) the Prepetition First Lien Lenders; (d) the Prepetition First Lien Agent; (e) the DIP Lender; (f) the DIP Agent; (g) the Supporting Party, and (h) with respect to each of the foregoing entities in clauses (a) through (g), such entity's Related Parties; provided that an entity shall not be a Released Party if it (x) elects to opt out of the Third-Party Release contained in the Plan or (y) timely objects to the Third-Party Release contained in the Plan and such objection is not resolved before Confirmation of the Plan.

"*Releasing Parties*" means, collectively, in each case in its capacity as such:  (a) the Debtors; (b) the Reorganized Debtors; (c) the Prepetition First Lien Lenders; (d) the Prepetition First Lien Agent; (e) the DIP Lender; (f) the DIP Agent; (g) the Supporting Party, (h) all Holders of Interests; (i) all Holders of Claims; and (j) with respect to each of the foregoing entities in clauses (a) through (i), such entity's Related Parties; provided that an entity shall not be a Releasing Party if it (x) elects to opt out of the Third-Party Release contained in the Plan or (y) timely objects to the Third-Party Release contained in the Plan and such objection is not resolved before Confirmation of the Plan.

## <u>Item 2</u>. Certifications.

By signing this Opt-Out Form, the undersigned certifies to the Bankruptcy Court and the Debtors:

a.   that, as of the May 10, 2022, either: (i) the undersigned is the Holder of Claims or Interests; (ii) the undersigned is an authorized signatory for an Entity or Person that is the Holder of Claims or Interests;

b.   that the Holder has received a copy of the *Notice of Non-Voting Status and Opt-Out Opportunity for Holders of Claims and Holders of Interests* and that this Opt-Out Form is made pursuant to the terms and conditions set forth therein;

c.   that the undersigned has made the same election with respect to all Claims or Interests; and

d.   that no other Opt-Out Form has been cast with respect to the Holder's Claims or Interests, or, if any other Opt-Out Forms have been cast with respect to such Claims or Interests, such Opt-Out Forms are hereby revoked.

YOUR RECEIPT OF THIS OPT-OUT FORM DOES NOT SIGNIFY THAT YOUR CLAIM OR INTEREST HAS BEEN OR WILL BE ALLOWED.

| | |
|---|---|
| **Name of Holder:** | |
| | (Print or Type) |
| **Social Security or Federal Tax Identification Number:** | |
| **Signature:** | |
| **Name of Signatory:** | |
| | (If other than Holder) |
| **Title:** | |
| **Address:** | |
| | |
| | |
| **Date Completed:** | |

If your address or contact information has changed, please note the new information here.

**IF YOU WISH TO OPT OUT, PLEASE COMPLETE, SIGN, AND DATE THIS OPT-OUT FORM AND RETURN PROMPTLY VIA (I) EMAIL BY EMAILING CYPRESSINFO@KCCLLC.COM AND REFERENCING "CYPRESS" IN THE SUBJECT LINE, OR (II) FIRST CLASS MAIL, OVERNIGHT COURIER OR HAND DELIVERY TO:**

> Cypress Balloting Center
> c/o Kurtzman Carson Consultants LLC
> 222 N. Pacific Coast Highway, Suite 300
> El Segundo, CA 90245
>
> If you have any questions on the procedures for voting on the Plan, please call the Voting and Claims Agent at: (866) 967-1785 (U.S./Canada) or (310) 751-2685 (International).

> IF THE SOLICITATION AGENT DOES NOT <u>ACTUALLY</u> <u>RECEIVE</u> THIS OPT-OUT FORM ON OR BEFORE 4:00 P.M. PREVAILING CENTRAL TIME ON JUNE 13, 2022, THEN YOUR ELECTION TRANSMITTED HEREBY WILL NOT BE EFFECTIVE.
>
> OPT-OUT FORMS SENT BY FACSIMILE OR TELECOPY WILL <u>NOT</u> BE ACCEPTED.

## INSTRUCTIONS FOR COMPLETING THIS FORM

1.    Capitalized terms used in the Opt-Out Form or in these instructions (the "Instructions") but not otherwise defined therein or herein shall have the meaning set forth in the Plan.

2.    To ensure that your election is counted, you must complete the Opt-Out Form and take the following steps:  (a)  clearly indicate your decision to "opt out" of the Third-Party Release set forth in the Plan in Item 1 above; (b) make sure that the information required by Item 2 above has been correctly inserted; and (c) sign, date and return an original of your Opt-Out Form in accordance with paragraph 3 directly below.

3.    **Return of Opt-Out Form**:  Your Opt-Out Form MUST be returned to the Solicitation Agent so as to be **actually received** by the Solicitation Agent on or before the Opt-Out Deadline, which is **4:00 p.m. (prevailing Central Time) on June 13, 2022**.

4.    If an Opt-Out Form is received by the Solicitation Agent after the Opt-Out Deadline, it will not be effective.  Additionally**,** the following Opt-Out Forms will NOT be counted:

> ➢ ANY OPT-OUT FORM THAT IS ILLEGIBLE OR CONTAINS INSUFFICIENT INFORMATION TO PERMIT THE IDENTIFICATION OF THE HOLDER OF THE CLAIM OR INTEREST;

> ➢ ANY OPT-OUT FORM CAST BY OR ON BEHALF OF AN ENTITY THAT IS NOT ENTITLED TO OPT-OUT OF THE THIRD-PARTY RELEASE;

> ➢ ANY OPT-OUT FORM SENT TO THE DEBTORS, THE DEBTORS' AGENTS/REPRESENTATIVES (OTHER THAN THE SOLICITATION AGENT), OR THE DEBTORS' FINANCIAL OR LEGAL ADVISORS;

> ➢ ANY OPT-OUT FORM TRANSMITTED BY FACSIMILE OR TELECOPY;

> ➢ ANY UNSIGNED OPT-OUT FORM**;** OR

> ➢ ANY OPT-OUT FORM NOT COMPLETED IN ACCORDANCE WITH THE PROCEDURES APPROVED IN THE SOLICITATION ORDER.

5.    The method of delivery of Opt-Out Forms to the Solicitation Agent is at the election and risk of each Holder of an Equity Interest.  Except as otherwise provided herein, such delivery will be deemed made to the Solicitation Agent only when the Voting and Claims Agent **actually receives** the executed Opt-Out Form.  Holders should allow sufficient time to assure timely delivery.

6.    If multiple Opt-Out Forms are received from the same Holder with respect to the same Claim or Interest prior to the Opt-Out Deadline, the last Opt-Out Form timely received will supersede and revoke any earlier received Opt-Out Forms.

7.    The Opt-Out Form is not a letter of transmittal and may not be used for any purpose other than to opt-out of the Third-Party Release.  Accordingly, at this time, Holders of Interests

should not surrender certificates or instruments representing or evidencing their Interests, and neither the Debtors nor the Solicitation Agent will accept delivery of any such certificates or instruments surrendered together with an Opt-Out Form.

8.   The Opt-Out Form does <u>not</u> constitute, and shall not be deemed to be, (a) a proof of claim, (b) proof of interest, or (c) an assertion or admission of a Claim or Interest.

9.   <u>Please be sure to sign and date your Opt-Out Form</u>.  If you are signing an Opt-Out Form in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Opt-Out Form.

**<u>PLEASE RETURN YOUR OPT-OUT FORM PROMPTLY!</u>**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS OPT-OUT FORM
OR THE INSTRUCTIONS OR PROCEDURES, PLEASE CONTACT
THE SOLICITATION AGENT AT:**

**(866) 967-1785 (U.S./Canada) or (310) 751-2685 (International)
Or via email: cypressinfo@kccllc.com**

---

**IF THE SOLICITATION AGENT DOES NOT <u>ACTUALLY</u> <u>RECEIVE</u> THE OPT-OUT FORM FROM YOU BEFORE THE OPT-OUT DEADLINE, WHICH IS 4:00 P.M. PREVAILING CENTRAL TIME ON JUNE 13, 2022, THEN YOUR OPT-OUT ELECTION TRANSMITTED THEREBY WILL NOT BE EFFECTIVE.**

---

NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, REGARDING THE DEBTORS OR THE PLAN, OTHER THAN WHAT IS CONTAINED IN THE DOCUMENTS MAILED HEREWITH.

**Opt-Out Form: Beneficial Holders**

**Opt-Out Form For**
**Beneficial Holders**

PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS BENEFICIAL HOLDER OPT-OUT FORM CAREFULLY <u>BEFORE</u> COMPLETING THIS BENEFICIAL HOLDER OPT-OUT FORM.

**UNLESS YOU CHECK THE BOX ON THIS BENEFICIAL HOLDER OPT-OUT FORM BELOW AND FOLLOW ALL INSTRUCTIONS, YOU WILL BE HELD TO FOREVER RELEASE THE RELEASED PARTIES IN ACCORDANCE WITH THE PLAN.**

**THIS BENEFICIAL HOLDER OPT-OUT FORM MUST BE COMPLETED, EXECUTED, AND RETURNED TO YOUR NOMINEE IN SUFFICIENT TIME TO ALLOW YOUR NOMINEE TO PROCESS YOUR INSTRUCTIONS ON A MASTER OPT-OUT FORM AND RETURN TO KURTZMAN CARSON CONSULTANTS LLC (THE "<u>SOLICITATION AGENT</u>") SO THAT IS ACTUALLY RECEIVED ON OR BEFORE 4:00 P.M. PREVAILING CENTRAL TIME ON JUNE 13, 2022 (THE "<u>OPT-OUT DEADLINE</u>").**

This Beneficial Holder Opt-Out Form may not be used for any purpose other than opting out of the Third-Party Release contained in the Plan.  If you believe you have received this Beneficial Holder Opt-Out Form in error, or if you believe that you have received the wrong opt out form, please contact the Solicitation Agent <u>immediately</u> by calling (866) 967-1785 (U.S./Canada) or (310) 751-2685 (International), or sending an electronic mail message to cypressinfo@kccllc.com with "Cypress" in the subject line.

Before completing this Beneficial Holder Opt-Out Form, please read and follow the enclosed "Instructions for Completing this Beneficial Holder Opt-Out Form" carefully to ensure that you complete, execute and return this Beneficial Holder Opt-Out Form properly.

<u>Item 1</u>. **Optional Third-Party Release Election.**

AS A HOLDER OF A CLAIM OR INTEREST, YOU ARE A "RELEASING PARTY" UNDER THE PLAN AND ARE DEEMED TO PROVIDE THE THIRD-PARTY RELEASE CONTAINED IN ARTICLE 10.5 OF THE PLAN, AS SET FORTH BELOW. YOU MAY CHECK THE BOX BELOW TO ELECT NOT TO GRANT THE RELEASE CONTAINED IN ARTICLE 10.5 OF THE PLAN. YOU WILL NOT BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN ONLY IF YOU CHECK THE BOX BELOW AND SUBMIT THE BENEFICIAL HOLDER OPT-OUT FORM BY THE OPT-OUT DEADLINE. THE ELECTION TO WITHHOLD CONSENT TO GRANT THE THIRD-PARTY RELEASE IS AT YOUR OPTION.

☐ **By checking this box, you elect to opt <u>out</u> of the Third-Party Release.**

**Article 10.5 of the Plan contains the following Third-Party Release:**

**As of the Effective Date, each of the Releasing Parties shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever, released and discharged**

the Debtors, Reorganized Debtors, and each Released Party from any and all claims, interests, obligations, rights, suits, damages, causes of action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, including any derivative claims, asserted or assertable on behalf of any of the Debtors, the Reorganized Debtors, or their Estates, that such entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any claim or interest that is treated in the Plan, the business or contractual arrangements between any Debtors and any Released Party, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, filing, or consummation of the Disclosure Statement, the DIP Credit Agreement, the Plan, the Restructuring Support Agreement, or any restructuring transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Disclosure Statement, the DIP Credit Agreement, or the Plan, the filing of the Chapter 11 Cases, the pursuit of confirmation, the pursuit of consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date; *provided* that any right to enforce the Plan and Confirmation Order is not so released by this section.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third-Party Release, which includes by reference each of the related provisions and definitions contained herein, and further, shall constitute the Bankruptcy Court's finding that the Third-Party Release is:  (a) consensual; (b) essential to the confirmation of the Plan; (c) given in exchange for the good and valuable consideration provided by the Released Parties; (d) a good-faith settlement and compromise of the Claims released by the Third-Party Release; (e) in the best interests of the Debtors and their Estates; (f) fair, equitable, and reasonable; (g) given and made after due notice and opportunity for hearing; and (h) a bar to any of the Releasing Parties asserting any claim or Cause of Action released pursuant to the Third-Party Release.

Definitions related to the Third-Party Release:

"*Related Parties*" means, with respect to an entity, such entity and its current and former affiliates, and such entities' and their current and former affiliates' current and former directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, participants, successors, and assigns, subsidiaries, affiliates, managed accounts or funds, and each of their respective current and former equity holders, officers, directors, managers, principals, shareholders, members, management companies, fund advisors, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals.

"*Released Parties*" means, collectively, in each case in its capacity as such:  (a) the Debtors; (b) the Reorganized Debtors; (c) the Prepetition First Lien Lenders; (d) the Prepetition

First Lien Agent; (e) the DIP Lender; (f) the DIP Agent; (g) the Supporting Party, and (h) with respect to each of the foregoing entities in clauses (a) through (g), such entity's Related Parties; provided that an entity shall not be a Released Party if it (x) elects to opt out of the Third-Party Release contained in the Plan or (y) timely objects to the Third-Party Release contained in the Plan and such objection is not resolved before Confirmation of the Plan.

"*Releasing Parties*" means, collectively, in each case in its capacity as such:  (a) the Debtors; (b) the Reorganized Debtors; (c) the Prepetition First Lien Lenders; (d) the Prepetition First Lien Agent; (e) the DIP Lender; (f) the DIP Agent; (g) the Supporting Party, (h) all Holders of Interests; (i) all Holders of Claims; and (j) with respect to each of the foregoing entities in clauses (a) through (i), such entity's Related Parties; provided that an entity shall not be a Releasing Party if it (x) elects to opt out of the Third-Party Release contained in the Plan or (y) timely objects to the Third-Party Release contained in the Plan and such objection is not resolved before Confirmation of the Plan.

## Item 2. Certifications.

By signing this Beneficial Holder Opt-Out Form, the undersigned certifies to the Bankruptcy Court and the Debtors:

a.  that, as of the May 10, 2022, either: (i) the undersigned is the Holder of Claims or Interests; (ii) the undersigned is an authorized signatory for an Entity or Person that is the Holder of Claims or Interests;

b.  that the Holder has received a copy of the *Notice of Non-Voting Status and Opt-Out Opportunity for Holders of Claims and Holders of Interests* and that this Beneficial Holder Opt-Out Form is made pursuant to the terms and conditions set forth therein;

c.  that the undersigned has made the same election with respect to all Claims or Interests; and

d.  that no other Beneficial Holder Opt-Out Form has been cast with respect to the Holder's Claims or Interests, or, if any other Beneficial Holder Opt-Out Forms have been cast with respect to such Claims or Interests, such Beneficial Holder Opt-Out Forms are hereby revoked.

By signing this Beneficial Holder Opt-Out Form, the undersigned authorizes and instructs its Nominee (a) to furnish the election information in a Master Opt-Out Form to be transmitted to the Solicitation Agent and (b) to retain this Beneficial Holder Opt-Out Form and related information in its records for at least one year after the Effective Date of the Plan.

YOUR RECEIPT OF THIS BENEFICIAL HOLDER OPT-OUT FORM DOES NOT SIGNIFY THAT YOUR CLAIM OR INTEREST HAS BEEN OR WILL BE ALLOWED.

| | |
|---|---|
| **Name of Holder:** | |
| | *(Print or Type)* |
| **Social Security or Federal Tax Identification Number:** | |
| **Signature:** | |
| **Name of Signatory:** | |
| | *(If other than Holder)* |
| **Title:** | |
| **Address:** | |
| | |
| | |
| **Date Completed:** | |

**PLEASE COMPLETE, SIGN AND DATE THIS BENEFICIAL HOLDER OPT-OUT FORM AND RETURN IT TO YOUR NOMINEE IN SUFFICIENT TIME TO ALLOW YOUR NOMINEE TO PROCESS YOUR INSTRUCTIONS ON A MASTER OPT-OUT FORM AND RETURN TO THE SOLICITATION AGENT SO THAT IT IS ACTUALLY RECEIVED ON OR PRIOR TO THE OPT OUT DEADLINE.**

IF THE SOLICITATION AGENT DOES NOT <u>ACTUALLY</u> <u>RECEIVE</u> A MASTER OPT-OUT FORM ON OR BEFORE 4:00 P.M. PREVAILING CENTRAL TIME ON JUNE 13, 2022, THEN YOUR ELECTION TRANSMITTED HEREBY WILL NOT BE EFFECTIVE.

BENEFICIAL HOLDER OPT-OUT FORMS SENT DIRECTLY TO THE SOLICITATION AGENT WILL <u>NOT</u> BE ACCEPTED.

4

## <u>INSTRUCTIONS FOR COMPLETING THIS FORM</u>

1.  Capitalized terms used in the Beneficial Holder Opt-Out Form or in these instructions (the "<u>Instructions</u>") but not otherwise defined therein or herein shall have the meaning set forth in the Plan.

2.  To ensure that your election is counted, you <u>must</u> complete the Beneficial Holder Opt-Out Form and take the following steps:  (a)  clearly indicate your decision to "opt out" of the Third-Party Release set forth in the Plan in <u>Item 1</u> above; (b) make sure that the information required by <u>Item 2</u> above has been correctly inserted; <u>and</u> (c) sign, date and return an original of your Beneficial Holder Opt-Out Form to your Nominee in accordance with paragraph 3 directly below.

3.  **<u>Return of Beneficial Holder Opt-Out Form</u>**:  Your Beneficial Holder Opt-Out Form MUST be returned to your Nominee in sufficient time to allow your Nominee to process your instructions on a Master Opt-Out Form and return to the Solicitation Agent so as to be **<u>actually</u> <u>received</u>** by the Solicitation Agent on or before the Opt-Out Deadline, which is **4:00 p.m. (prevailing Central Time) on June 13, 2022**.

4.  If a Master Opt-Out Form is received by the Solicitation Agent <u>after</u> the Opt-Out Deadline, it will not be effective.  Additionally, the following Opt-Out Forms will <u>NOT</u> be counted:

    ➢ ANY BENEFICIAL HOLDER OR MASTER OPT-OUT FORM THAT IS ILLEGIBLE OR CONTAINS INSUFFICIENT INFORMATION TO PERMIT THE IDENTIFICATION OF THE HOLDER OF THE INTEREST;

    ➢ ANY BENEFICIAL HOLDER OR MASTER OPT-OUT FORM CAST BY OR ON BEHALF OF AN ENTITY THAT IS NOT ENTITLED TO OPT-OUT OF THE THIRD-PARTY RELEASE;

    ➢ ANY BENEFICIAL HOLDER OR MASTER OPT-OUT FORM SENT TO THE DEBTORS, THE DEBTORS' AGENTS/REPRESENTATIVES (OTHER THAN THE SOLICITATION AGENT), OR THE DEBTORS' FINANCIAL OR LEGAL ADVISORS;

    ➢ ANY BENEFICIAL HOLDER OR MASTER OPT-OUT FORM TRANSMITTED BY FACSIMILE OR TELECOPY;

    ➢ ANY UNSIGNED BENEFICIAL HOLDER OR MASTER OPT-OUT FORM**;** OR

    ➢ ANY BENEFICIAL HOLDER OR MASTER OPT-OUT FORM NOT COMPLETED IN ACCORDANCE WITH THE PROCEDURES APPROVED IN THE SOLICITATION ORDER.

5.  The method of delivery of Beneficial Opt-Out Forms to your Nominee is at the election and risk of each Holder of an Interest.  Except as otherwise provided herein, such delivery will be deemed made to the Solicitation Agent only when the Voting and Claims Agent

**actually receives** a Master Opt-Out Form from your Nominee.  Beneficial Holders and their Nominees should allow sufficient time to assure timely delivery.

6.    If multiple Opt-Out Forms are received from the same Holder with respect to the same Claim or Interest prior to the Opt-Out Deadline, the last Opt-Out Form timely received will supersede and revoke any earlier received Opt-Out Forms.

7.    The Beneficial Holder Opt-Out Form is not a letter of transmittal and may not be used for any purpose other than to opt-out of the Third-Party Release.  Accordingly, at this time, Holders of Interests should not surrender certificates or instruments representing or evidencing their Interests, and neither the Debtors nor the Solicitation Agent will accept delivery of any such certificates or instruments surrendered together with a Beneficial Holder Opt-Out Form.

8.    The Beneficial Holder Opt-Out Form does <u>not</u> constitute, and shall not be deemed to be, (a) a proof of claim, (b) proof of interest, or (c) an assertion or admission of a Claim or Interest.

9.    <u>Please be sure to sign and date your Beneficial Holder Opt-Out Form</u>.  If you are signing a Beneficial Holder Opt-Out Form in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Beneficial Holder Opt-Out Form.

**<u>PLEASE RETURN YOUR BENEFICIAL HOLDER OPT-OUT FORM PROMPTLY!</u>**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BENEFICIAL OPT-OUT FORM OR THE INSTRUCTIONS OR PROCEDURES, PLEASE CONTACT THE SOLICITATION AGENT AT:**
**(866) 967-1785 (U.S./Canada) or (310) 751-2685 (International)**
**Or via email: cypressinfo@kccllc.com**

---

**IF THE SOLICITATION AGENT DOES NOT <u>ACTUALLY</u> RECEIVE THE MASTER OPT-OUT FORM FROM YOUR NOMINEE BEFORE THE OPT-OUT DEADLINE, WHICH IS 4:00 P.M. PREVAILING CENTRAL TIME ON JUNE 13, 2022, THEN YOUR OPT-OUT ELECTION TRANSMITTED PURSUANT TO THE BENEFICIAL HOLDER OPT-OUT FORM WILL NOT BE EFFECTIVE.**

---

NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, REGARDING THE DEBTORS OR THE PLAN, OTHER THAN WHAT IS CONTAINED IN THE DOCUMENTS MAILED HEREWITH.

**Opt-Out Form: Master Form**

## MASTER OPT-OUT FORM

PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS MASTER OPT-OUT FORM CAREFULLY <u>BEFORE</u> COMPLETING THIS MASTER OPT-OUT FORM.

**THIS MASTER OPT-OUT FORM MUST BE COMPLETED, EXECUTED, AND RETURNED KURTZMAN CARSON CONSULTANTS LLC (THE "<u>SOLICITATION AGENT</u>") SO THAT IS ACTUALLY RECEIVED ON OR BEFORE 4:00 P.M. PREVAILING CENTRAL TIME ON JUNE 13, 2022 (THE "<u>OPT-OUT DEADLINE</u>").**

This Master Opt-Out Form may not be used for any purpose other than conveying their Beneficial Holder clients' elections to opt out of the Third-Party Release.  If you believe you have received this Master Opt-Out Form in error, or if you believe that you have received the wrong opt out form, please contact the Solicitation Agent <u>immediately</u> by calling (877) 499-4509 (U.S./Canada) or (917) 281-4800 (International), or sending an electronic mail message to cypressinfo@kccllc.com with "Cypress" in the subject line.  Nothing contained herein or in the enclosed documents shall render you or any other entity an agent of the Debtors or the Solicitation Agent or authorize you or any other entity to use any document or make any statements on behalf of any of the Debtors with respect to the Plan, except for the statement contained in the documents enclosed herewith.

You are required to distribute the Beneficial Holder Opt-Out Form contained herewith to your Beneficial Holder clients holding Interests in Cypress Environmental Partners, L.P. ("<u>CELP</u>") as of May 10, 2022 (the "<u>Opt-Out Record Date</u>"), within five business days of your receipt of the Solicitation Packages in which this Master Opt-Out Form was included.  With respect to the Beneficial Holder Opt-Out Forms returned to you, you must (1) execute this Master Opt-Out Form so as to reflect the Third-Party Release elections set forth in such Beneficial Holder Opt-Out Forms and (2) forward this Master Opt-Out Form to the Solicitation Agent in accordance with the Form Instructions accompanying this Master Opt-Out Form.  **Any election delivered to you by a Beneficial Holder shall not be counted unless you complete, sign, and return this Master Opt-Out Form to the Solicitation Agent so that it is actually received by the Opt-Out Deadline.**

Before completing this Master Opt-Out Form, please read and follow the enclosed "Instructions for Completing this Master Opt-Out Form" carefully to ensure that you complete, execute and return this Master Opt-Out Form properly.

<u>Item 1</u>. **Certification of Authority to Make Elections.**

The undersigned certifies that as of the Opt-Out Record Date, the undersigned:

☐      Is a Nominee for the Beneficial Holders in the principal number of Interests in CELP listed in Item 2 below, or

☐      Is acting under a power of attorney or agency (a copy of which will be provided upon request) granted by a Nominee for the Beneficial Holders in the principal number of Interests in CELP listed in Item 2 below, or

☐    Has been granted a proxy (an original of which is attached hereto) from a Nominee for the Beneficial Holders (or the Beneficial Holders itself/themselves) in the principal number of Interests in CELP listed in Item 2 below;

and accordingly, has full power and authority to convey decisions to opt-out of the Third-Party Release, on behalf of the Beneficial Holders of the Interests in CELP described in Item 2.

**<u>Item 2</u>. Optional Third-Party Release Election.**

The undersigned certifies that that the information provided below (including any information provided on additional sheets attached hereto) is a true and accurate schedule of the Beneficial Holders of Interests in CELP, as identified by their respective account numbers, that made a decision to opt-out of the Third-Party Release via e-mail, telephone, internet application, facsimile, voting instruction form, or other customary means of conveying such information.

Indicate in the appropriate column below the Beneficial Holder/Account Number of each Beneficial Holder that completed and returned the Beneficial Holder Opt-Out Form and the aggregate number of Interests in CELP held by such Beneficial Holder/Account Number electing to opt-out of the Third-Party Release or attach such information to this Master Opt-Out Form in the form of the following table.

Please complete the information requested below (add additional sheets if necessary):

| Beneficial Holder/Account Number | Amount of Interest in CELP Holders Electing to Opt-Out of Third-Party Release |
|---|---|
| 1. | |
| 2. | |
| 3. | |
| 4. | |
| 5. | |
| **TOTAL** | |

**<u>Item 3</u>. Additional Certifications.**

By signing this Master Opt-Out Form, the undersigned certifies to the Bankruptcy Court and the Debtors:

a.    that either: (i) the undersigned has received a completed Opt-Out Form from each Beneficial Holder of Interests in CELP listed in Item 2 of this Master Opt-Out Form, or (ii) an e-mail, recorded telephone call, internet transmission, facsimile,

voting instruction form, or other customary means of communication conveying a decision to opt-out of the releases from each Holder of Interests in CELP;

b.      that the undersigned is a Nominee (or agent of the Nominee) of the holders of Interest in CELP listed in Item 2 of this Master Opt-Out Form; and

c.      that the undersigned has properly disclosed for each Beneficial Holder who submitted a Beneficial Holder Opt-Out Form or opt-out decisions via other customary means: (i) the respective number of the Interests in CELP owned by each Beneficial Holder and (B) the customer account or other identification number for each such Beneficial Holder.

| | |
|---|---|
| **Institution:** | _____ |
| | **(Print or Type)** |
| | **DTC Participant Number:** _____ |
| **Signature:** | _____ |
| **Name of Signatory:** | _____ |
| **Title:** | _____ |
| **Address:** | _____ |
| | _____ |
| | _____ |
| **Date Completed:** | _____ |

**PLEASE COMPLETE, SIGN, AND DATE THIS OPT-OUT FORM AND RETURN PROMPTLY VIA (I) EMAIL BY EMAILING CYPRESSINFO@KCCLLC.COM AND REFERENCING "CYPRESS" IN THE SUBJECT LINE, OR (II) FIRST CLASS MAIL, OVERNIGHT COURIER OR HAND DELIVERY TO:**

> Cypress Balloting Center
> c/o Kurtzman Carson Consultants LLC
> 222 N. Pacific Coast Highway, Suite 300
> El Segundo, CA 90245
>
> If you have any questions on the procedures for voting on the Plan, please call the Voting and Claims Agent at: (877) 499-4509 (U.S./Canada) or (917) 281-4800 (International).

---

IF THE SOLICITATION AGENT DOES NOT <u>ACTUALLY</u> <u>RECEIVE</u> THIS MASTER OPT-OUT FORM ON OR BEFORE 4:00 P.M. PREVAILING CENTRAL TIME ON JUNE 13, 2022, THEN THE ELECTIONS TRANSMITTED HEREBY WILL NOT BE EFFECTIVE.

OPT-OUT FORMS SENT BY FACSIMILE OR TELECOPY WILL <u>NOT</u> BE ACCEPTED.

## <u>INSTRUCTIONS FOR COMPLETING THIS MASTER OPT-OUT FORM</u>

1.    Capitalized terms used in the Master Opt-Out Form or in these instructions (the "<u>Instructions</u>") but not otherwise defined therein or herein shall have the meaning set forth in the Plan.

2.    **<u>Distribution of the Opt-Out Forms</u>:**

> ➢ You should immediately distribute the Beneficial Holder Opt-Out Forms accompanied by pre-addressed, postage-paid return envelopes to all Beneficial Holders of Interests in CELP as of the Opt-Out Record Date and take any action required to enable each such Beneficial Holders to make an opt-out election timely. You must include a pre-addressed, postage-paid return envelope or must certify that your Beneficial Holder clients that did not receive return envelopes were provided with electronic or other means (consented to by such Beneficial Holder clients) of returning their Beneficial Holder Opt-Out Forms in a timely manner.

> ➢ Any election delivered to you by a Beneficial Holder shall not be counted until you complete, sign, and return this Master Opt-Out Form to the Solicitation Agent, so that it is actually received by the Opt-Out Deadline.

3.    You should solicit elections from your Beneficial Holder clients via the (a) delivery of duly completed Beneficial Holder Opt-Out Forms or (b) conveyance of their decision to opt-out of the releases via e-mail, telephone, internet application, facsimile, voting instruction form, or other customary and approved means of conveying such information.

4.    With regard to any Beneficial Holder Opt-Out Forms returned to you by a Beneficial Holder, you must: (a) compile and validate the elections and other relevant information of each such Beneficial Holder on the Master Opt-Out Form using the customer name or account number assigned by you to each such Beneficial Holder; (b) execute the Master Opt-Out Form; and (c) transmit the Master Opt-Out form to the Solicitation Agent.

5.    **<u>Return of Master Opt-Out Form</u>**: The Master Opt-Out Form must be returned to the Solicitation Agent so as to be **<u>actually received</u>** by the Solicitation Agent on or before the Opt-Out Deadline, which is **<u>4:00 p.m. (prevailing Central Time) on June 13, 2022</u>**.

6.    If a Master Opt-Out Form is received by the Solicitation Agent <u>after</u> the Opt-Out Deadline, it will not be effective.  Additionally**,** the following Opt-Out Forms will <u>NOT</u> be counted:

> ➢ ANY MASTER OPT-OUT FORM THAT IS ILLEGIBLE OR CONTAINS INSUFFICIENT INFORMATION TO PERMIT THE IDENTIFICATION OF THE HOLDER OF THE EQUITY INTEREST;

> ➢ ANY MASTER OPT-OUT FORM CAST BY OR ON BEHALF OF AN ENTITY THAT IS NOT ENTITLED TO OPT-OUT OF THE THIRD-PARTY RELEASE;

> ➤ ANY MASTER OPT-OUT FORM SENT TO THE DEBTORS, THE DEBTORS' AGENTS/REPRESENTATIVES (OTHER THAN THE SOLICITATION AGENT), OR THE DEBTORS' FINANCIAL OR LEGAL ADVISORS;

> ➤ ANY UNSIGNED MASTER OPT-OUT FORM; OR

> ➤ ANY MASTER OPT-OUT FORM NOT COMPLETED IN ACCORDANCE WITH THE PROCEDURES APPROVED IN THE SCHEDULING ORDER.

7. The method of delivery of Master Opt-Out Forms to the Solicitation Agent is at the election and risk of Nominee. Except as otherwise provided herein, such delivery will be deemed made to the Solicitation Agent only when the Solicitation Agent **actually** **receives** the originally executed Master Opt-Out Form. Nominees should allow sufficient time to assure timely delivery.

8. Multiple Master Opt-Out Forms may be completed and delivered to the Solicitation Agent. Elections reflected by multiple Master Opt-Out Forms will be deemed valid. If two or more Master Opt-Out Forms are submitted, please mark the subsequent Master Opt-Out Form(s) with the words "Additional Election" or such other language as you customarily use to indicate an additional election that is not meant to revoke an earlier election.

9. The Master Opt-Out Form is not a letter of transmittal and may not be used for any purpose other than to transmit elections to opt-out of the Third-Party Release. Holders of Interests in CELP should not surrender certificates (if any) representing their Interests at this time, and neither the Debtors nor the Solicitation Agent will accept delivery of any such certificates transmitted together with a Master Opt-Out Form.

10. This Master Opt-Out Form does not constitute, and shall not be deemed to be, (a) a proof of claim, (b) proof of interest, or (c) an assertion or admission of a Claim or Interest.

11. Please be sure to sign and date your Master Opt-Out Form. If you are signing a Master Opt-Out Form in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Master Opt-Out Form.

12. No fees or commissions or other remuneration will be payable to any broker, bank, dealer or other person in connection with this solicitation. Upon written request, however, the Debtor will reimburse you for reasonable, customary mailing and handling expenses incurred by you in forwarding the Opt-Out Forms to your client(s).

**PLEASE RETURN YOUR MASTER OPT-OUT FORM PROMPTLY!**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BENEFICIAL OPT-OUT FORM OR THE INSTRUCTIONS OR PROCEDURES, PLEASE CONTACT THE SOLICITATION AGENT AT:**

**(877) 499-4509 (U.S./Canada) or (917) 281-4800 (International)**

**Or via email: cypressinfo@kccllc.com**

---

**IF THE SOLICITATION AGENT DOES NOT _ACTUALLY_ _RECEIVE_ THIS MASTER OPT-OUT FORM FROM YOU BEFORE THE OPT-OUT DEADLINE, WHICH IS 4:00 P.M. PREVAILING CENTRAL TIME ON JUNE 13, 2022, THEN THE OPT-OUT ELECTIONS TRANSMITTED THEREBY WILL NOT BE EFFECTIVE.**

---

NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, REGARDING THE DEBTORS OR THE PLAN, OTHER THAN WHAT IS CONTAINED IN THE DOCUMENTS MAILED HEREWITH.